S. W. ROYE, Sr., Appellant,

v.

Exa Ione ROYE, Appellee.

No. 210.

Court of Civil Appeals of Texas.

Tyler.

June 2, 1966.

J. Byron Saunders, Saunders & Caldwell, Tyler, for appellant.

Joe Tunnell, Boulter, Fowler & Tunnell, Tyler, for appellee.

DUNAGAN, Chief Justice.

This is an appeal from a judgment of the Court of Domestic Relations of Smith County, Texas. The appellant (plaintiff below) on April 7, 1965, instituted suit

for divorce from appellee (defendant and cross-plaintiff below) and for a division of their community property. Thereafter, in addition to an answer to appellant's petition, appellee filed her cross-action seeking divorce from the appellant and also a division of the property of the parties, asking the court in so doing to give consideration to the fact that the plaintiff (72 years of age) is a healthy, able-bodied man, able to earn money, and that the defendant is not able to earn money; after a full hearing of all the facts, the trial court denied appellant a divorce on his petition, but granted appellee a divorce and a division of the community property on her cross-action. It is from this judgment that appellant takes this appeal.

Although in taking this appeal the entire judgment is before the court for review, the appellant does not complain of that portion of the judgment granting appellee a divorce on her cross-action. Appellant by his one Point of Error only complains that the trial court failed to take into consideration and include in said judgment the community debts of the parties.

█  Under the holding in Posey v. Posey, 386 S.W.2d 884, (Tex.Civ.App.) 1965, n. w. h., it is subject to some doubt whether the Point of Error is sufficient to be of any avail to him on his appeal in that he failed to include in his Point of Error any claim that division of the community property made in connection with the divorce decree amounted to abuse of discretion. However, we think that from the statement and argument thereunder, the point is sufficient to direct the court's attention to the matter complained of. Wagley v. Fambrough, 163 S.W.2d 1072, (Tex. Civ.App.) 1942, affirmed, 140 Tex. 577, 169 S.W.2d 478.

The facts show that the appellant was engaged in the dairy business from 1943 until 1958; that he and his wife, the appellee, conducted the dairy business without any help except from their son on a part-time basis. That in 1954 he hired Mrs.

Bernice Phelps to assist them in the operation of the dairy. Mrs. Phelps was a married woman at the time, but her husband was never an employee of Mr. Roye, the appellant. Mr. and Mrs. Phelps lived one year in a house rented for them by the appellant and thereafter for two years in a house the appellant obtained for them near the home of the appellant and appellee. The Phelps continued to live there until the appellant built a house for them on a 212 acre tract of land, which was the homestead of, the parties to this lawsuit. This house was built in 1958. Mrs. Phelps obtained a divorce from her husband in February of 1965, but she continued to live in the house that the appellant had built for them on the 212 acre tract of land. In 1958 the appellant sold his cattle and dairy equipment to Mrs. Bernice Phelps. The cattle consisted of 27 head. The equipment consisted of a tractor, pick-up truck, milking equipment and a batch of hay. The sales price was $10,000.00 for which Mrs. Phelps executed in favor of the appellant a note and chattel mortgage. The terms of the instruments provided for the payment of $1,000.00 a year by Mrs. Phelps to the appellant. At the time of the trial of this case, she had only made three payments, leaving a balance on the principal of $7,000.00 due and unpaid. In addition to the debt of $7,000.00, Mrs. Phelps owed the appellant $765.00.

At the time of the hearing before the trial court concerning the extent and value of the community estate, the appellant testified that he had cancelled the indebtedness of $7,765.00 of Mrs. Phelps, and considered that she did not owe anything. He said he had cancelled the indebtedness by oral agreement with Mrs. Phelps since the original hearing in this case. By way of explanation at this point, after the original hearing, the court recessed the hearing until a later date for the parties to offer additional testimony concerning the value of the community estate. It was between these two hearings that the appellant said

he cancelled the unpaid portion of the $10,000.00 note referred to above.

On March 22, 1965, the appellant accompanied Mrs. Phelps to the Lindale State Bank and joined her in signing a note payable to said bank in the sum of $10,600.00 which was for the sole benefit of Mrs. Phelps. Further, at the same time, the appellant executed a mortgage to the Lindale State Bank covering 65 head of cattle and certain dairy equipment securing said note. This transaction took place only a few days before appellant filed his suit for divorce. The action of the appellant in executing the $10,600.00 note payable to the Lindale State Bank secured by the chattel mortgage covering the 65 head of cattle and other dairy equipment, was in effect a release of his own security for the payment of the $7,765.00 debt due from Mrs. Phelps and to give such security to the Lindale State Bank. All of this was done without the knowledge or consent of appellee. At the time of the last hearing, there was an unpaid balance of $9,800.00 on the principal sum of the note with the Lindale State Bank.

Mrs. S. W. Roye, Jr., the daughter-in-law of the appellant, testified that the appellant told her that he loved Mrs. Phelps better than any woman on this earth, and he intended to marry her as soon as he could get a divorce. These statements were made shortly after the 15th of March, around the 22nd day of March, 1965. The appellant testified that prior to the suit for divorce, some six weeks or more, he told his sister that Mrs. Phelps was very dear to him and that he had told his daughter-in-law that he loved Mrs. Phelps.

The trial court in its judgment found the community property of the parties to be capable of being divided in kind and that the division of same therein adjudicated is an equitable and just division between the parties. The judgment proceeds to divide the community property, awarding a portion thereof to the appellant and a portion thereof to the appellee. The dollar value awarded to the appellant is $30,580.81 and the dollar value awarded to the appellee is $34,800.00. Included in the portion of the property awarded to the appellant is the $7,765.00 Phelps' debt.

The question before this court is whether or not the trial judge, in dividing the community property, abused his discretion, and if so, to such an extent as to require reversal of the trial court's judgment.

In deciding this question, it is the duty of this court to indulge every reasonable presumption in favor of a proper exercise of discretion of the trial court in dividing the property of the parties. Mozisek v. Mozisek, 365 S.W.2d 669, (Tex. Civ.App.) 1963, writ dism.; Thompson v. Thompson, 380 S.W.2d 632, (Tex.Civ.App.) 1964, n. w. h.

By the provisions of Article 4638, Vernon's Annotated Civil Statutes, the court pronouncing a decree of divorce has jurisdiction, in the divorce action, to decree a division of the estate of the parties in any such way as the court may deem just and right, having due regard for the rights of each party.

It has been uniformly held that this statute describes the discretion which the court may exercise in dividing the estate of the parties when he pronounces a decree of divorce and that such discretion may be corrected on appeal only where an abuse of it is shown, in that the disposition made of some of the property is manifestly unjust and unfair. Ames v. Ames, 188 S.W.2d 689, (Tex.Civ.App.) 1945, n. w. h.; Williams v. Williams, 171 S.W.2d 530, (Tex.Civ.App.) 1943, n. w. h.; Hursey v. Hursey, 165 S.W.2d 761, (Tex.Civ.App.) 1942, writ dism.; Allen v. Allen, 284 S.W.2d 774, (Tex.Civ.App.) 1955, writ dism. Also, under this statute, the division of the property does not have to be equal. The court can be controlled by what the facts may lead him to believe is just and right. Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, 313; and Hailey v. Hailey,

160 Tex. 372, 331 S.W.2d 299; Thompson v. Thompson, supra; Hayes v. Hayes, 378 S.W.2d 375, (Tex.Civ.App.) 1964, writ dism.

■ It has been held in this state that our courts are vested with wide discretionary powers in the division of property in suits for divorce. In the absence of abuse of such discretionary powers, the trial court may divide the property, separate or community, in such a way as will seem right, just and proper to the court. Ingham v. Ingham, 240 S.W.2d 409, (Tex.Civ.App.) 1951, n. w. h.; Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Clark v. Clark, 35 S. W.2d 189, (Tex.Civ.App.) 1931, writ dism.; Cunningham v. Cunningham, 120 Tex. 491, 40 S.W.2d 46, 75 A.L.R. 1305. The appellant contends (1) that the trial court erred in considering the "Phelps' debt" of $7,765.00 as an item of community assets because the evidence shows that such debt was cancelled by the appellant prior to the rendition of the judgment for divorce and partition of the community property; (2) that the judgment as entered by the trial court did not take into consideration the debt of the community in the amount of $9,800.00 which was incurred by the execution of the note by appellant to the Lindale State Bank.

■ The trial court in dividing property between the parties in a divorce suit may take into consideration any disparity between the earning powers, the business opportunities, capacity and ability of the parties and the benefits which the party not at fault would have derived from the estate of the other party through a continuance of their marriage. Ingham v. Ingham, supra; Liddell v. Liddell, 29 S. W.2d 868, (Tex.Civ.App.) 1930, n. w. h.; Farris v. Farris, 15 S.W.2d 1083, (Tex. Civ.App.) 1929, n. w. h.; Bagby v. Bagby, 186 S.W.2d 702, (Tex.Civ.App.) 1945, n. w. h.; Mozisek v. Mozisek, supra; Bush v. Bush, 237 S.W.2d 708, (Tex.Civ.App.) 1950, n. w. h.

■ The record before us does not contain any findings of fact and conclusions of law or any request therefor. Consequently, in deciding whether the trial court abused its discretion to the prejudice of appellant in dividing the community estate as it was divided, we must consider the evidence as a whole and all reasonable inferences and deductions that may properly be drawn therefrom in the light most favorable to appellee, bearing in mind that it was within the province of the court below to pass upon the credibility of the witnesses and the weight to be given to their testimony. Hill v. Hill, 249 S.W.2d 654, (Tex.Civ.App.) 1952, n. w. h.

■ The evidence adduced upon the trial of this case was sufficient to fully support a finding and conclusion by the trial court that appellant in releasing the security for payment of the $7,765.00 debt due from Mrs. Bernice Phelps, in failing to demand payment of said debt and also his execution of the $10,600.00 note to the Lindale State Bank, all of which was without the knowledge or consent of appellee, were in fraud of appellee's rights as she so alleged.

The evidence reflects that the appellee is 73 years of age; that she has no skills that would enable her to work at gainful employment and in view of her age, no one would hire her; appellee's only income is her Social Security in the amount of $56.00 per month as compared to appellant's Social Security in the amount of $116.00 per month.

The appellant testified that the value of the cattle mortgaged to the Lindale State Bank was $22,500.00 and that he considered that there was sufficient collateral to secure him and the Lindale State Bank for the $17,000.00 which Mrs. Phelps owed to both him and the bank.

In view of all the facts and circumstances reflected by the record concerning the community property, i. e. the business transactions of appellant with Mrs. Phelps, whom

he had fallen in love with and intended to marry if he obtained a divorce, which transactions were so generous to Mrs. Phelps and so disadvantageous to the appellee, the age of the appellee, her small income and limited ability to earn, we see no abuse of discretion on the part of the trial court in the disposition of the property.

Judgment affirmed.