**Robert C. ELLIOTT, Appellant,**

v.

**Paula ELLIOTT, Appellee.**

**No. 16871.**

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 15, 1967.

Rehearing Denied Jan. 12, 1968.

Anderson & Connell, and Henry J. Anderson, Wichita Falls, for appellant.

Spence, Martin & Richie, and Howard L. Martin, Wichita Falls, for appellee.

OPINION

LANGDON, Justice.

This is a divorce case. Judgment was entered upon a jury verdict granting appellee a divorce, the sum of $2,000.00 attorney's fees and other relief not pertinent to this appeal.

In its judgment the trial court appointed a trustee acting under its authority to take

possession of all the community furniture and household goods awarded to the appellee and to deliver same to her. The trustee was ordered to take possession of a community camping trailer which was in appellant's possession and all equipment in connection therewith and to sell the same upon the open market at private sale, within a reasonable time for the highest possible price and to pay over to appellee's attorney the net proceeds derived from such sale in partial payment to be credited by the court upon the judgment rendered against the appellant for attorney's fees. The appellant was directed by the court to surrender the community furniture, household goods and camping trailer to the trustee wherever such property may be located.

The appellant makes no complaint on appeal as to the granting of the divorce, division of the community property, child custody, visitation, child support or the portion of the judgment awarding attorney's fees nor is there any complaint as to the amount thereof.

The appellee made her plea for the recovery of her attorney's fees in the body of her petition and in the prayer thereof. The amount awarded did not exceed the amount prayed for. The judgment awarded the attorney's fees directly to the attorney for appellee. They were not fixed or ordered as part of the costs of suit nor were they ordered to be collected as a part of such costs.

The appellant's appeal is from that portion of the judgment which appointed the trustee and ordered the "camping trailer" sold and the proceeds applied on the attorney's fees. Appellant contends it was error to appoint a trustee in the absence of pleadings seeking such appointment and that no necessity was shown nor in fact existed in support of such appointment.

We affirm.

The record before this court does not contain a statement of facts. The judgment reflects that much of the community property of the parties was in the possession of or under the control of the appellant at the time of trial and was in various locations. Appellant was directed by such judgment to surrender such property to the trustee wherever it might be located for disposition according to the provisions of the judgment.

The trial court in a divorce case is necessarily vested with broad powers and discretion in making a division of the community property and in adjusting the equities between the parties. In effecting such a division the trial court in its discretion may enlist the aid of a trustee, receiver or a commissioner to effectuate the terms and provisions of its judgment. This the court may do in the absence of an application therefor to make certain that the provisions of the judgment are fully complied with.

Since there is no statement of facts the appellant is not in a position to contend that the court abused its discretion in its disposition of the community property, in awarding attorney's fees or in fixing the amount thereof.

Essentially the appellant is contending that the court did not have the right as a matter of law to appoint a trustee to aid it in fulfilling the requirements of the various provisions of the judgment. We are in disagreement with this contention.

"The allowance of attorneys' fees to the wife in a divorce suit is largely within the discretion of the court, to be exercised in accordance with the conditions and needs of the parties, and the other surrounding circumstances of each case, in making an equitable division of the estate between the parties. The discretion of the trial court is wide, and a clear abuse of discretion must appear before the trial court's judgment will be disturbed on appeal." 20 Tex.Jur.2d, p. 626, § 303, and authorities cited.

"Under proper circumstances both the community and the husband's separate property are liable for the wife's attorneys' fees, and the fees may be paid out of the community estate, though it appears that they should be charged to the husband's interest in the community estate, and not against the community as a whole. A husband may be required to pay the wife's attorneys' fees from his interest therein, though this may result in giving him a smaller share of the community." 20 Tex.Jur.2d, p. 634, § 309, and authorities cited.

Article 4638 of the Vernon's Ann. Revised Civil Statutes of the State of Texas provides: "The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. * * *"

"A trustee may be appointed to effect the partition. And, in order to carry out a decree for partition, the court may order the husband to turn over community property in his possession to the trustee. The order may be enforced against the husband by contempt proceedings." 20 Tex.Jur.2d, p. 562, § 226, and authorities cited.

"The appointment of a receiver rests largely in the discretion of the trial court, and its discretion, under RS art 4636, in this respect, is very broad. In fact, where the court has full knowledge concerning the parties and their property, it may appoint a receiver, even without any application therefor, and without notice or hearing." 20 Tex.Jur.2d, p. 567, § 234, and authorities cited.

Since the judgment reflects that the court did not fix a lien upon any property we see no necessity in discussing the point relating thereto. All points of error are overruled and the judgment of the trial court is in all things affirmed.

Affirmed.