Walter Raye DOBBS, Jr., Appellant,

v.

Patricia Rae DOBBS, Appellee.

No. 457.

Court of Civil Appeals of Texas.

Tyler.

Dec. 11, 1969.

W. Ernest West, Canton, for appellant; Houston Harrison, Paris, of counsel.

Johnson, Hathaway & Jackson, Ben Johnson, Tyler, for appellee.

McKAY, Justice.

This is a divorce case in which appellee was plaintiff and appellant was defendant. There was community property consisting of a duplex dwelling, a "Mustang" Ford automobile, and cash in the amount of $27,468. The cash had been received as the result of a suit in Federal Court for damages for personal injuries sustained by appellee in an automobile accident.

The trial court granted appellee a divorce and awarded her the duplex dwelling, the automobile, and all the cash except $3,000, which was awarded to appellant.

There is no complaint about the divorce being granted, but appellant contends (1) the trial court abused his discretion in the division of the property, and (2) the disproportionate division of the community property was manifestly unjust, inequitable and unfair, and constituted a clear abuse of discretion.

There is no statement of facts before this court of the evidence heard by the trial court. There is a short transcription of testimony named by the Court Reporter: "Hearing on Motion for Judgment," but same is endorsed by the trial judge as "a correct transcription of the hearing on motion for new trial." Findings of fact and conclusions of law were made and are in the record.

The trial court found in his findings of fact (1) that appellant paid $5,000 of his separate property on the purchase price for the duplex dwelling; (2) that there was no equity in the duplex dwelling and land upon which same is situated in that the value of the land was not more than the secured indebtedness against it; (3) that appellant relinquished to appellee his interest in the duplex dwelling and the automobile and stated to the Court he claimed no interest in them and asked for no interest in them; (4) that the money on hand, $27,468, was recovered by appellee and appellant for the personal injuries sustained by the wife (appellee). The court further found as a conclusion of law that all of the property involved was community property.

The findings of fact by the court do not reveal what evidence was heard. In the absence of a Statement of Facts, it must be presumed on appeal that the evidence supports the findings and judgment of the trial court. Young v. Zimmerman & Sons, Inc., Tex.Civ.App., 434 S.W. 2d 926, err dis.; Lueck v. R. A. Young & Son of Tex., Inc., Tex.Civ.App., 429 S.W.2d 907; Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683.

It is the settled law of this State that the trial court is vested with wide discretion in the division of community property in suits for divorce. Art. 4638, Vernon's Ann.Tex.Civ.St.; Tex.Jur.2d, Divorce and Separation, Sec. 207, page 545, and cases cited. The trial judge is not required to divide community property equally between the parties. Art. 4638, supra; Henderson v. Henderson, Tex.Civ. App., 425 S.W.2d 363, err. dis.; Keene v. Keene, Tex.Civ.App., 445 S.W.2d 624.

There being no Statement of Facts, there is nothing before this Court relating to physical condition of the parties, earning capacity, probable future need for support, educational background or other matters which the trial court may consider. We cannot say the trial court abused his discretion or that his judgment is not correct in the absence of a Statement of Facts.

Appellant's points are overruled.

The judgment of the trial court is affirmed.