### In the Matter of the MARRIAGE of J. R. McCURDY and Frances Helen McCurdy.

#### No. 8299.

Court of Civil Appeals of Texas, Amarillo.

Jan. 15, 1973.

Rehearing Denied Feb. 5, 1973.

■■■■■■■■■■

Smart & Taylor, C. J. Taylor, Jr., Amarillo, for appellant.

C. J. Humphrey, Amarillo, for appellee.

ELLIS, Chief Justice.

In this divorce action, the husband-appellant has appealed from that portion of the judgment dividing the properties of the parties and awarding attorney's fees in favor of the wife, while the wife-appellee, as cross-appellant, challenges the action of the trial court in granting the divorce. Affirmed.

The suit was instituted by J. R. McCurdy against his wife, Frances Helen McCurdy, seeking divorce, custody of their minor daughter and division of the community property. The cause was tried on March 6, 1972. The questions of divorce and child custody were tried before a jury, while the matters of child support and property division were submitted to the court without a jury. The jury found that (1) the marriage of the parties has "become insupportable because of discord and conflict of personalities that destroys the legitimate ends of the marriage relationship and prevents any reasonable expectation of reconciliation," and (2) the welfare and best interests of the minor child would be best served in the custody of the wife-appellee.

On March 13, 1972, the court entered its judgment granting the divorce, awarding the custody of the ten year old minor daughter to the wife, requiring the father to pay $200 per month for child support, dividing the properties of the parties and awarding attorney's fees to the wife. The husband's appeal is predicated upon six points of error challenging the court's action with respect to the division of the property and the allowance of attorney's fees. In addition to joining issue with the appellant's assignments of error, the wife, by her cross-point, contends that the evidence does not sufficiently support the granting of the divorce.

After more than twenty-four years of marriage, the appellant and appellee were separated on July 8, 1971. A son and daughter were born of this marriage—the minor daughter whose custody and support are involved herein and a son who had become twenty-one years of age prior to the time of the trial. The husband sought the divorce on the statutory grounds of "insupportability" under Section 3.01, Texas Family Code, Vernon's Texas Codes Annotated, and the jury made the finding, as above set out, that the marriage relationship was insupportable. The appellant testified concerning various details and circumstances in their marital life, indicating that, except for the first eight or ten years of their marriage, it was an unhappy husband-wife relationship which had continuously deteriorated. The appellee's testimony was at variance with that of her husband as to particular details of their husband-wife relations. She testified that she did not want a divorce, that she had tried to cooperate and work out their problems and that she felt there was a basis for reconciliation. We do not deem it necessary to otherwise particularize the conflicting testimony of the parties.

■ Under the provisions of Article 3.64, Texas Family Code, V.T.C.A., the grounds for divorce must be based upon full and satisfactory evidence. The specific testimony of the parties concerning their marital relationship was presented to the jury, and it was within its province to determine the credibility and weight of the evidence submitted. After reviewing the testimony in this record, it is our opinion that the evidence is sufficiently "full and satisfactory" to sustain the jury's finding with respect to the issue of insupportability of the marriage and to justify the court's

judgment dissolving the marriage relationship. Accordingly, the appellee's cross-point complaining of the court's action in granting the divorce is overruled.

The appellant, fifty years of age at the time of the trial, was employed as a salesman by an insurance company for which he had worked continuously since November 1, 1954. According to copies of income tax returns introduced into evidence, he had earned $12,607.99 in 1967; $13,053.92 in 1968; $13,493.93 in 1969 and $17,064.66 in 1970. The testimony revealed that he had been paid $20,142.00 by the insurance company in 1971, from which sum he claimed that an undetermined amount should be deducted as expenses in arriving at his net earnings for the year. The appellee had worked as a legal secretary from the time of the marriage until their son was born, but she had not worked outside the home for more than twenty years. By way of formal training, she had finished high school and had taken some secretarial and general academic courses in junior college, but she had not finished her college work. Although she had made several applications for specific positions and interviewed various prospective employers, she had been unable to secure any employment since the separation. The appellee has no separate property or income for her support. The evidence indicates that after the separation the appellant had contributed the sum of $520 per month for the expenses of the wife and their minor daughter up until he received the copy of the appellee's answer to his petition in the suit shortly after October 12, 1971; thereafter, he reduced such contribution to $420 per month.

The appellee testified that she had certain health problems involving particularly the use of her left arm and fingers. She stated that ever since their daughter was born she had been having spells of numbness with her left arm and fingers when she held them up for any period of time over about thirty minutes or an hour and that such condition had grown progressive-

ly worse. She indicated that she was trying to be a secretary or typist and expressed doubt as to how long she might be able to do that type of work with the above described impairment. She stated that she had consulted a doctor concerning this problem. The record also reflects that she had received certain professional and medical services in connection with recurrent feelings of depression.

The community property listed on the inventory submitted by the appellant included certain real estate, furniture, life insurance policies, an automobile, shares of corporate stock and a small bank account, all of the total net value of $26,315.58. Additionally, the evidence discloses that gifts had been made out of the community property to custodial accounts, with appellant as custodian, and invested for the benefit of the children in the total sum of $18,822.15. The gifts made to the son were of the value of $1,400, while those to the daughter were of the total value of $17,422.15. However, at the time of the trial, the $1,400 investment for the son had been transferred directly to him since he had become twenty-one years of age.

The appellant's employer, Texas Employers Insurance Association, had established an employment retirement program which included the appellant. Under this retirement plan certain benefits would become vested when the employee had reached the age of fifty-five years and had completed fifteen years of credited service with the company. The appellant's credited service with respect to the employees' retirement plan commenced on November 1, 1957, three years after the date of his employment, and would become 100 per cent vested on January 1, 1977. His normal retirement date was scheduled for January 1, 1987. Under the provisions of the plan, the participant will not be entitled to receive any retirement income unless he remains with the company until retirement or the benefits become "vested." The plan further provides for a schedule of increases in the benefits based upon the length of

time his employment continues with the company.

The trial court's judgment recites that after receiving the answers to the special issues submitted to the jury, the Court heard evidence and testimony with respect to the community properties of the parties, including an equitable division thereof, child support and visitation, and made the finding that " . . . the respondent, Frances Helen McCurdy, is not employed outside the home, has no income or separate property or estate, and that equity requires that an unequal division of the community properties be made. . . . " The court made the further finding " . . . that the investment by petitioner, J. R. McCurdy, of nearly all community funds in custodial accounts under his control for the benefit of the children of this marriage constitute constructive fraud as to the respondent, . . . . " Following these findings, the judgment set out the court's order with respect to the division of the properties of the parties. Under this order, the appellee was awarded a house and lot and a 15 acre tract of land, all subject to certain outstanding indebtedness, household furniture, an automobile and two life insurance policies on her life, all of the net value of $20,887.69 according to the inventory filed by the appellant. The court awarded to the appellant five insurance policies upon his life, certain corporate stocks, a bank account and certain furniture all of the total net value of $5,427.89, as shown by the appellant's inventory. The major portion of the value of the property awarded to the appellant consisted of the cash value of the five life insurance policies which was based on an evaluation made on August 20, 1971. The appellant admitted that as of March 6, 1972, the date of the trial, the cash value of the five policies had increased; however, the testimony did not reflect the specific amount of such increase.

Additionally, the court awarded to the appellee a judgment against the appellant in the sum of $8,445.00, representing ap-proximately one-half of the community funds invested in the stocks held by appellant as custodian for the minor daughter of the parties. The court awarded to the appellee one-half of all benefits under the retirement plan established by the appellant's employer, if, as and when such benefits are paid or received by the appellant. The other one-half of the benefits under such retirement plan was awarded to the appellant.

The court found that the stock having a value of $1,400, previously purchased and held by the appellant as custodian for the son to whom the stock had been transferred, was not community property as of the date of trial. The judgment recited that equitable consideration had been made of such matter in the division of the property and ordered no disposition of such stock now in the name of the son who was not a party to the suit. Additionally, the court awarded the appellee judgment against appellant in the sum of $1,250 for attorney's fees.

In appellant's first three points of error, he contends that the trial court's unequal division of the property was not just and right, without due regard for the rights of each party and the minor child of the parties, and that such property division constituted an abuse of discretion on the part of the court. In his fourth point of error, he complains specifically of the court's action in awarding the appellee the judgment against him for $8,445.00 with respect to the property given to the minor daughter out of the community property and held by the appellant as custodian. In his sixth point he insists that the court erred in awarding the appellee a one-half interest in and to the benefits under the employees' retirement plan in which appellant may participate in the future. He contends in his fifth point that the trial court erred in awarding the $1,250 judgment to the appellee for attorney's fees.

The statutory provision governing the court's action in dividing the prop-

erty of the parties is Section 3.63 of the Texas Family Code, V.T.C.A. (formerly art. 4638, Vernon's Ann.Tex.Civ.St.), which sets out that ". . . the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." It is well established that under the above enactment the divorce court is given wide discretion in making its division of the property of the parties, and that discretion will not be disturbed on appeal unless the court has clearly abused its discretion. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21 (1923). The trial judge is not required to divide community property equally and a substantial portion of the husband's separate property may be awarded to the wife when the circumstances make such action necessary in connection with bringing about a fair and just division of the property. See Dobbs v. Dobbs, 449 S.W.2d 119 (Tex.Civ.App.— Tyler 1969, no writ); Keene v. Keene, 445 S.W.2d 624 (Tex.Civ.App.—Dallas 1969, writ dism'd); Roye v. Roye, 404 S.W.2d 92 (Tex.Civ.App.—Tyler 1966, no writ); Dillard v. Dillard, 341 S.W.2d 668 (Tex. Civ.App.—Austin 1960, writ ref'd n. r. e.). It is also well settled that in making the division of the property the court may consider the disparity of the earning power of the parties, as well as their business opportunities, capacities and abilities. Stanley v. Stanley, 294 S.W.2d 132 (Tex.Civ.App.— Amarillo 1956, writ ref'd n. r. e.); Venezia v. Venezia, 227 S.W.2d 881 (Tex.Civ. App.—Galveston 1950, no writ) and cases cited therein; Berdoll v. Berdoll, 398 S. W.2d 397 (Tex.Civ.App.—Austin 1966 no writ); Waggener v. Waggener, 460 S.W. 2d 251 (Tex.Civ.App.—Dallas 1970, no writ).

The appellant insists that there is no evidence to support the court's finding of constructive fraud as to the appellee in his making of the investments of the community funds in custodial accounts under his control for the benefit of the children. In the property division, the trial court awarded judgment in the sum of $8,445.00 in favor of appellee based upon the total value of such stocks in the sum of $17,422.15 held by the appellant as custodian of funds set up as a gift to their minor daughter under the Uniform Gifts for Minors Act of Texas. Appellant insists that these gifts were made with the consent of the appellee; however, there is considerable uncertainty and conflict in the evidence regarding this matter. Mrs. McCurdy stated, among other things, that she was not aware of the making of such investments for the minor daughter until after they had already been made; that she was ". . . always afraid to object to anything he did; . . . ." that she didn't really think she had consented and that she didn't really know what he was doing. She indicated that only recently did she have any idea that the community funds were being placed in some kind of trust accounts where she would properly have no interest in them. Also, the appellant testified: "Really, to my complete knowledge, I don't know for sure that she understood what we were doing."

It is here observed that the proportion of the gifts out of the community property to the children in the sum of $18,822.15, with $17,422.15 thereof having been made to the minor daughter during the last three or four years of the marriage, is a relatively high percentage of the total amount of the community property. It is our opinion that even the salutary act of setting up a fund for the child's education out of the community property cannot override the rights of the wife, particularly where her understanding and consent to such a program is in doubt, and such gift is in an inordinate amount in relation to the total community estate. Further, such depletion of the community estate in which she shares, in the absence of her ownership of separate property or resources or prospects for lucrative income, would be detrimental to her primary source of support and maintenance after the dissolution of

the marriage, and indirectly beneficial to the father and husband in that such trust fund for the child would serve to diminish the need for funds which he would normally be required to provide for the minor's education and support. See 1 Speer, Marital Rights in Texas § 186, at 303, et seq., and cases cited therein; 49 A.L.R.2d 521; Hartman v. Crain, 398 S.W.2d 387 (Tex. Civ.App.—Houston 1966, no writ); Kemp v. Metropolitan Life Ins. Co., 205 F.2d 857 (5th Cir. 1953), and cases cited therein.

Regarding the division of the benefits under the retirement program, it is noted that it is not an asset that could be presently liquidated for any amount; however, it has been held that there is no error in a court awarding a wife an interest in retirement benefits which might be made to the husband in the future, even though under certain contingencies the wife might not be enabled to receive anything. Webster v. Webster, 442 S.W.2d 786 (Tex.Civ. App.—San Antonio 1969, no writ). Also, in this connection, see Miser v. Miser, 475 S.W.2d 597 (Tex.Civ.App.—Dallas 1971, no writ), and authorities cited therein; and Williamson v. Williamson, 457 S.W.2d 311 (Tex.Civ.App.—Austin 1970, no writ). In the retirement program involved here, the period from November 1, 1957 to March 13, 1972, the date of the divorce, constitutes approximately fourteen and one-third years of service accruing during the period of the marriage and represents a proportionate part of the total ultimate benefits which may accrue under the plan, if and when the same are ever paid. Although accruals credited after the divorce, to the extent of their proportionate part of the total benefits, would not be regarded as a property interest acquired during this marriage, yet the property division herein is not restricted to the community property alone, but separate personal property interests of the husband may be awarded to the wife in order to effect an equitable property division. Dobbs v. Dobbs, supra; Keene v. Keene, supra; Marks v. Marks,

470 S.W.2d 83 (Tex.Civ.App.—Tyler 1971, writ ref'd n. r. e.).

The judgment in this case recites that " . . . the Court is aware that said retirement benefits may increase in value if J. R. McCurdy continues his employment, and this award and division is made by the Court to make an equitable division and adjustment of properties hereinabove awarded to the said J. R. McCurdy." It is recognized that the fruition and amount, if any, of such retirement benefits is dependent upon options to be exercised by the appellant with respect to his future employment with the company. However, when considered in relation to the overall facts, circumstances and equities of the parties, we do not believe that it has been established that the court's disposition of such prospective retirement benefits manifests a lack of due regard for the rights of the parties and their minor child or an abuse of discretion on the part of the court.

The appellant insists that the property division was manifestly unfair and, in support of his contention, cites the cases of Hooper v. Hooper, 403 S.W.2d 215 (Tex. Civ.App.—Amarillo 1966, writ dism'd) and Wilson v. Wilson, 225 S.W.2d 236 (Tex. Civ.App.—Fort Worth 1949, no writ). We note that in both *Hooper* and *Wilson* a significant factor in the determination that there was an abuse of discretion and a lack of due regard for the rights of the husband was the fact that in each instance the husband had been divested of his interest in valuable income producing property and business interests constituting a vital source or means of livelihood for the husband and the family. In *Hooper,* the trial court's judgment deprived the husband of any interest in the sporting goods store which had constituted the major source of the family income and was the most valuable income producing property of the parties. In *Wilson,* the trial court awarded valuable business property, which had served as a location for the practice of the husband's profession, and all of the income, rents and revenues from it to the

wife for herself and child for life or until she should remarry, without provision in respect to the mortgage indebtedness against the property. It is obvious that the judgment in these instances clearly did not manifest a due regard for the rights of the husband. We believe that the instant case is clearly distinguishable on the grounds that the husband is not significantly deprived or adversely affected with respect to his business or means of income production, and when viewed in the light of the essential circumstances and equities pertaining to the respective parties, the above mentioned cases cited by the appellant would not be controlling here.

The provisions of Section 3.63, Texas Family Code, (formerly 4638 V.A.T.S.) do not require the division of property to be equal, and the court is permitted to be controlled by what the facts and circumstances lead him to believe is just and right. Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299 (1960); Waggener v. Waggener, supra. Dobbs v. Dobbs, supra; Dillard v. Dillard, supra. Further, it is the duty of the appellate court to indulge every reasonable presumption that the trial court exercised its discretion properly, and a case should be reversed only where there is a clear abuse of that discretion. Mozisek v. Mozisek, 365 S.W.2d 669 (Tex.Civ.App.—Fort Worth 1963, writ dism'd); Ingham v. Ingham, 240 S.W.2d 409 (Tex.Civ.App.—Amarillo 1951, mand. overr.); Thompson v. Thompson, 380 S.W.2d 632 (Tex.Civ.App.—Fort Worth 1964, no writ).

In consideration of the comparative business opportunities and capabilities and employment prospects of the parties involved, the health of the wife and the welfare of the minor child, together with all of the surrounding circumstances and the various equities involved herein and considered by the court, it is our opinion that the court did not abuse its discretion in making the unequal division and disposition of the properties and in making the specific awards to the respective parties as set out in the judgment. Appellant's points of error nos. 1–4 and no. 6 are overruled.

We have considered the appellant's complaints regarding the award of attorney's fees and the various cases cited in his brief concerning this matter. It is well settled that the allowance of reasonable attorney's fees to the wife in a divorce action is discretionary with the court and will not be disturbed unless an abuse of discretion is shown. From a review of the evidence and in view of the nature and complexity of the problems involved in this case, the effort necessarily connected with the representation of the interests of the appellee, although no time record was submitted, together with her financial circumstances, it is our opinion that the evidence supports the court's award and that no abuse of discretion has been shown in the allowance of attorney's fees in such sum. We overrule appellant's fifth point of error.

In view of the foregoing, the judgment of the trial court is affirmed.