**Frances HENSLEY, Appellant,**

v.

**Eugene V. HENSLEY, Appellee.**

**No. 6282.**

Court of Civil Appeals of Texas, El Paso.

May 16, 1973.

Shaw, Davis & Benson, William R. Davis, John R. Shaw, San Antonio, for appellant.

Jones & Milstead, Guilford L. Jones, Richard C. Milstead, Big Spring, for appellee.

OPINION

PRESLAR, Justice.

This is an appeal from a divorce suit. Appellant, Frances Hensley, has appealed

only that portion of the judgment that pertains to the property division between the two parties. We affirm.

The record contains a lengthy statement of facts, and there is extensive testimony concerning whether or not the property involved in the divorce judgment is separate or community in character. Appellant and Appellee were married on January 27, 1967. Prior to the marriage, Appellant was employed at the race track in Ruidoso, New Mexico, and Appellee was a stockholder in the Ruidoso Racing Association. On June 12, 1969, Appellee was incarcerated in La Tuna Federal Prison for the offense and conviction of income tax evasion; such conviction was on appeal at the time Appellant and Appellee married. During the period of Appellee's confinement, Appellant visited with him frequently on the weekends, and testified that she managed the business affairs of Appellee. From June 12, 1969, until March of 1971, Appellant stated that she managed and spent $368,000.00 of Appellee's funds. Appellant further testified that at the time of her marriage to Appellee her separate property consisted of various personal effects, two automobiles, a trailer house, and $6,000.00–$15,000.00 in cash. The automobiles and trailer house were subject to several thousand dollars indebtedness. Appellant filed for divorce on July 19, 1971. Appellee was released from La Tuna on December 1, 1971, and the judgment of divorce between the parties was granted on January 3, 1972. There were no children born of the marriage.

Appellant contends, by two points of error, that the trial Court's partition of the separate and community estate of the parties was manifestly unjust, such constituting an abuse of discretion, and that the Appellee failed to show that property awarded to him by the trial Court had been purchased with his separate funds. We consider both points of error together.

The Judgment and Decree of Divorce provided in part:

"The Court finds that the parties hereto own separate property and have separate debts, respectively, and own some community property and have community debts, and that said property and debts should be divided in an equitable and just manner.

"IT IS THEREFORE FURTHER ORDERED, ADJUDGED and DECREED by the Court that the property owned by the parties, whether separate or community, shall be divided as follows:"

The trial Court's findings of fact reflect that Appellee was incarcerated in La Tuna Federal Reformatory on June 12, 1969, that from January 1, 1969, until the divorce suit was heard, the only monies received by either of the parties were the separate funds of the Appellee, that Appellant exclusively managed and controlled the estate of Appellee from June 12, 1969, until her power of attorney was revoked in March, 1971, and that Appellant had the exclusive management and control of $368,000.00 from June 12, 1969, through September 30, 1971, and that on October 1, 1971, $650.00 was all that remained from this amount.

It is a well settled rule of law in Texas that the trial Court is vested with broad discretion when effecting a division of the property of parties to a divorce proceeding. An equal division is not required. Williams v. Williams, 160 Tex. 99, 325 S.W.2d 682 (1959); Section 3.63, Texas Family Code, V.T.C.A. This discretion will not be disturbed on appeal unless it is clear that the trial Court has abused its discretion. Weaks v. Weaks, 471 S.W.2d 454 (Tex.Civ.App., Beaumont 1971, writ dism'd); Mozisek v. Mozisek, 365 S.W.2d 669 (Tex.Civ.App., Fort Worth 1963, writ dism'd). We have thoroughly considered

the entire record and fail to find the property division to be either unjust or unfair to Appellant, or that the trial Court committed any abuse of discretion in such division. The broad powers of the trial Court as provided for in Sec. 3.63, supra (formerly Art. 4638, Vernon's Ann.Tex.Civ.St.), have been explained as follows in Dillingham v. Dillingham, 434 S.W.2d 459 (Tex. Civ.App., Fort Worth 1968, writ dism'd):

"The fact that the property might constitute separate property of the appellant (a matter in dispute) is of no consequence. Under the law the court, in the exercise of equity powers pursuant to Art. 4638, is authorized to take the separate property of one party and award it to the other in a decree made pursuant to divorce. Such an award will not be disturbed unless there is a clear abuse of discretion. Mozisek v. Mozisek, 365 S.W.2d 669 (Fort Worth [Tex.] Civ.App., 1963, writ dism.)."

In Mea v. Mea, 464 S.W.2d 201 (Tex. Civ.App., Tyler 1971, n. w. h.), the Court held:

"In this State the law is well established that in the division of property in suits for divorce our courts are vested with wide discretionary powers. White v. White, 380 S.W.2d 672 (Tex.Civ.App., Tyler, 1964, writ ref., n. r. e.). Also in the absence of abuse of such discretion, the trial court may divide the property, separate or community, in such a way as will seem right, just and proper to the court. Roye v. Roye, 404 S.W.2d 92, 96 (Tex.Civ.App., Tyler, 1966, n. w. h.); Dobbs v. Dobbs, 449 S.W.2d 119 (Tex. Civ.App., Tyler, 1969, n. w. h.); Hearn v. Hearn, 449 S.W.2d 141, 145 (Tex. Civ.App., Tyler, 1969, n. w. h.)."

See also In Re Marriage of McCurdy, 489 S.W.2d 712 (Tex.Civ.App., Amarillo 1973, writ dism'd).

Appellant's two points of error are overruled. The judgment is affirmed.