**Julia MERCER, Appellant,**

v.

**William Edward MERCER, Appellee.**

**No. 828.**

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 21, 1973.

Ronald M. Yeager, Hatch & Yeager, Aransas Pass, for appellant.

David B. Connery, Jr., Rockport, for appellee.

## OPINION

NYE, Chief Justice.

This is a divorce case. Julia Mercer brought suit for divorce on the grounds of insupportability. She sought a division of the community property, custody of her three minor children, child support, and attorney fees. The case was tried before the court without the intervention of a jury. The court granted her a divorce, decreed that the mother was to have the custody of the three children and ordered the husband to pay $125.00 per month for each child until the child reached the age of eighteen. The court divided the real and personal property between the parties, awarding real and personal property to the wife in the approximate amount of $8,762.00 and a lot and personal property to the husband in the approximate amount of $6,612.00. The judgment stated that:

"It is the further ORDER of this Court that Petitioner (wife) shall be awarded no interest in the military Retirement Plan or the Parks and Wildlife Retirement Plan of Respondent (husband), and all interest in and to such retirement benefits is divested out of Petitioner and vested in Respondent."

The wife appeals the decision of the trial court, contending in two points of error that the trial court abused its discretion in making an unfair division of the community property by awarding the military retirement and Parks and Wildlife benefits to the husband. The wife contends that these benefits are worth in excess of $120,000.00. The wife filed a motion for new trial asking the court to reconsider the property division. The wife's Motion was based on newly discovered evidence of the matured military retirement plan. The court overruled her motion for new trial. On appeal the appellant wife has failed to bring forward a statement of facts of the trial of the case. She brings forward the statement of facts developed during the hearing on the motion for new trial, but there is no record of the proceedings of the trial on the merits.

The trial court in divorce cases is necessarily vested with broad discretionary powers in making a division of the community property and in adjusting the equities between the parties. Section 3.63 of the Family Code, V.T.C.A., gives the trial court the power to order a division of the estate with the admonition of having due regard for the rights of each party and any children of the marriage. The trial court has wide and broad discretion in determining the questions of fact respecting a division of the property. Such awards will not be disturbed unless there is a clear showing of an abuse of such discretion. Cusack v. Cusack, 491 S.W.2d 714, 721 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd). The trial judge is not required to divide the community equally between the parties. Dobbs v. Dobbs, 449

S.W.2d 119, 120 (Tex.Civ.App.—Tyler 1969, no writ history); Clark v. Clark, 362 S.W.2d 655, 657 (Tex.Civ.App.—Houston 1962, no writ history); Cusack v. Cusack, supra.

■ Since there is no statement of facts, the appellant is not in a position to contend that the court abused its discretion in the distribution of the community property. Elliott v. Elliott, 422 S.W.2d 757 (Tex.Civ.App.—Fort Worth 1967 writ dismissed). Where there is no statement of facts filed in this Court, the evidence from which we could review the proceedings from the trial is not before us. Therefore, we must presume that the trial court found every issuable fact necessary to sustain its judgment. Sunset Brick & Tile, Inc., v. Bushong, 419 S.W.2d 386 (Tex.Civ.App.— Corpus Christi 1967). In a situation where there are no findings of fact or conclusions of law, and no statement of facts filed in the Court of Civil Appeals which would constitute a record, the only points of error for review would be those which would amount to constitute fundamental error. Sanchez v. Carey, 409 S.W.2d 458 (Tex.Civ.App.—Corpus Christi 1966); City of Corpus Christi v. Gilley, 458 S.W. 2d 124 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n. r. e.); Hodges v. Central Bank & Trust Company, 463 S.W.2d 41 (Tex.Civ.App.—Texarkana 1971).

Appellant complains that only after the divorce was issued, did she become aware of the extent of the retirement benefits. However, in the statement of facts covering the motion for new trial, the trial judge stated that he was cognizant of the military retirement from the evidence when he made the property disposition. The trial judge stated that he gave $125.00 per month for each child which was more than the amount petitioned for, "precisely because he awarded the retirement benefits to the husband". Moreover, the judgment itself awards the retirement benefits to the husband, which verifies the trial court's ruling.

■ Even if we had the complete record to determine the evidence presented before the trial judge, we would not think that appellant could show a clear abuse of discretion under the circumstances set out in the judgment.

■■ It is settled law in Texas that the refusal to grant a new trial on the ground of newly discovered evidence rests within the sound discretion of the trial court and that unless such ruling has been abused, the court's decision will not be disturbed on appeal. There are certain rules concerning the justification of the granting of a new trial for newly discovered evidence: They are: 1) it must be shown that the evidence was unknown to the movant before the trial; 2) that his failure to discover it was not due to a want of diligence; 3) that its materiality was such that would probably bring about a different result in another trial; and that 4) it was competent evidence and not cumulative, corroborative, collateral, or impeaching type evidence. The judgment recites that the court took into account the military retirement and other retirement plans. The evidence offered at the motion for new trial did not fit into the guidelines set forth above. Clearly, there was no abuse of discretion in the failure of the trial court to grant a new trial. Wofford v. Miller, 381 S.W.2d 640 (Tex.Civ.App.— Corpus Christi 1964, writ ref'd n. r. e.); Austin v. Gallaher, 417 S.W.2d 363 (Tex. Civ.App.—San Antonio 1967, writ dism'd).

Judgment of the trial court is affirmed.