**Wilbur O. WETZEL, Jr.,**
**Appellant,**

v.

**Margie Jane McCabe WETZEL,**
**Appellee.**

**No. 15335.**

Court of Civil Appeals of Texas,
San Antonio.

Sept. 24, 1974.

Charles F. Guenther, III, San Antonio, for appellant.

Kampmann, Church, Burns & Brenan, San Antonio, for appellee.

KLINGEMAN, Justice.

This is a divorce case under the Texas Family Code. The trial court, without a jury, granted appellee Margie Jane Wetzel a divorce from appellant Wilbur Wetzel; appointed her managing conservator of the one minor child; ordered appellant to pay $150.00 per month support for such minor child until the child reaches the age of 18 years; and made a division of the real and personal property of the parties. Appellant brings this appeal without a statement of facts; however, findings of fact and conclusions of law were made by the trial court.

Appellant makes no complaint as to the granting of the divorce or the award of child custody, but complains only that the trial court erred and abused its discretion (a) in ordering that he make child support payments of $150.00 per month, and (b) in making the division of the community property.

■ Without a statement of facts, appellant is in a poor position to support his contention that the trial court abused its discretion. There is no evidence before us from which we can ascertain if there is an abuse of discretion. Mercer v. Mercer, 503 S.W.2d 395 (Tex.Civ.App.—Corpus Christi 1973, no writ); Elliott v. Elliott, 422 S.W.2d 757 (Tex.Civ.App.—Fort Worth 1967, writ dism'd).

Nevertheless, we will consider appellant's point of error that the trial court erred and abused its discretion in ordering appellant to pay $150.00 per month for the support of the minor child. In its findings of fact, the trial court found: that Wilbur Wetzel is physically and mentally capable of holding gainful employment but has not worked for ten months; that Wilbur receives income in excess of $500.00 per month from his oil property and rental property; that Margie is a school teacher and when she works in summer school, she earns in excess of $10,000.00 per year; that based on the financial circumstances of both parties, $150.00 per month is a reasonable amount to be contributed by Wilbur for the minor child's support and maintenance; that based on Wilbur's good mental and physical health, educational background, employment potential, and income from rents, Wilbur is able to pay and should pay $150.00 per month to support such minor child.

■ The main thrust of appellant's contention in this regard is that the court based its award on potential income, and that no court should be allowed to award child support in contemplation of potential income.[1] The court's findings do not sup-

1. Section 4.02, Texas Family Code, provides that each spouse has the duty to support his or her minor children.

port appellant's contention that such award was made solely on the basis of his earning ability. While the court may have considered appellant's employment potential, and we think it properly could, the court made a finding that appellant receives in excess of $500.00 per month from his oil and rental property. In the absence of a statement of facts, we must presume that such finding of the court is sufficiently supported by the evidence, and this finding alone would justify such award. Under the record before us, the trial court did not abuse its discretion in fixing the amount of child support to be paid by appellant at $150.00 per month.

■■ We next consider appellant's contention that the trial court erred and abused its discretion in making the division of community property. Section 3.63 of the Texas Family Code, V.T.C.A., provides that, in a decree of divorce, the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage. The provisions of Section 3.63 do not require the property division to be equal, and the trial court may divide the property, separate and community, in such a manner that may seem just, right and proper to the court. Hensley v. Hensley, 496 S.W.2d 929 (Tex.Civ.App.—El Paso 1973, no writ); In re Marriage of McCurdy, 489 S.W.2d 712 (Tex.Civ.App.—Amarillo 1973, writ dism'd); Dobbs v. Dobbs, 449 S.W.2d 119 (Tex.Civ.App.—Tyler 1969, no writ); Roye v. Roye, 404 S.W.2d 92 (Tex.Civ.App.—Tyler 1966, no writ). The trial court is given broad discretion in a divorce case in making its division of the property of the parties and this discretion will not be disturbed on appeal unless the court has clearly abused this discretion. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21 (1923); Hensley v. Hensley, supra; Cusack v. Cusack, 491 S.W.2d 714 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd); In re Marriage of McCurdy, supra; Elliott v. Elliott, supra.

■ The trial court awarded appellee one tract of real property, a portion of which is the homestead of appellee, which the court found to be of a value of $36,000.00; subject to a mortgage of $13,994.00 and a home improvement loan in the amount of $1,037.47. The trial court also awarded appellee various items of personal property, including automobiles, furniture and other personal property. The court awarded appellant all real property in Kemah, Texas, owned by either party, which is estimated to be of a value of $49,000.00; all oil property interest owned by either party; a 1972 station wagon; a boat; 133 shares of stock and other personal property.

In the absence of a statement of facts, we must presume that the trial court's findings, with regard to the property, are sufficiently supported by the evidence, and we cannot say from the record that there is an abuse of discretion by the trial court in the division of property. The trial court's division of property appears just and fair under all the circumstances.

All of appellant's points of error have been considered and reviewed, and all are overruled. The judgment of the trial court is affirmed.

CADENA, Justice (concurring).

I concur in the result. A trial court, in determining what would constitute a fair and equitable property division, may properly consider the earning ability of the parties. Middlesworth v. Middlesworth, 380 S.W.2d 790 (Tex.Civ.App.—Fort Worth 1964, no writ).

Insofar as the provision for child support is concerned, the finding concerning appellant's actual income is sufficient to justify the trial court's award of $150.00 per month. I think it unnecessary to decide, in this case, whether a trial court may, in determining the proper amount to be paid for child support, base its conclusion on its opinion as to a party's "employment potential."