

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-18-00123-CV

DALE WAYNE MOSELEY                                          APPELLANT

V.

DIANNA RUTH GANDEE                                          APPELLEE

----------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 2012-50467-367

----------

## MEMORANDUM OPINION[1]

----------

Appellant Dale Wayne Moseley appeals the trial court's orders granting Appellee Dianna Ruth Gandee's motion to enforce the parties' divorce decree, appointing a receiver, and denying Moseley's motion to enforce. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Background

Moseley and Gandee married in 2003. The trial court rendered a final divorce decree in May 2015. Under the headings "Reimbursement Claims" and "Equalization Judgment," the decree included the following:

*Reimbursement Claims*

The Court finds that the husband DALE WAYNE MOSELEY is entitled to reimbursement from DIANNA RUTH GANDEE's separate property estate in the sum of $38,000.00 for pre-marriage payments to reduce the debt on wife's separate McReynolds[] house.

The Court finds that the community estate is entitled to reimbursement from DIANNA RUTH GANDEE's separate property estate in the amount of $22,000.00 for community payments to reduce the debt on wife's separate property McReynolds[] house.

The Court finds that wife DIANNA RUTH GANDEE is entitled to a reimbursement from the community estate in the amount of $217,000.00 for her separate property contribution to the purchase of the Crow Wright house.

*Equalization Judgment*

IT IS DECREED AND ORDERED that . . . the wife DIANNA RUTH GANDEE is awarded a judgment of $45,441 against DALE WAYNE MOSELEY as part of the fair and equitable division of the community estate.

Moseley requested findings of fact and conclusions of law. In July 2015, the trial court made the following conclusion of law, among others:

*Conclusions of Law – 50/50 Division of Community*

. . . After taking into account the value of all personal and real property awarded to each party and then applying the requisite reimbursement claims, a judgment in the amount of $45,441.00 against Dale Wayne [Moseley] in favor of Dianna Ruth Gandee was required to equalize the distribution of the community estate.

2

In August 2015, the trial court rendered its "First Amended Final Decree of Divorce." The only difference between the original decree and the first amended decree is the substitution of the words "[t]he Court ORDERS AND DECREES" for the words "[t]he Court finds" in the "Reimbursement Claims" paragraphs quoted above.

Gandee filed a motion to enforce the amended decree's equalization judgment and to appoint a receiver in February 2016. Moseley filed a response, alleging that the amended decree's reimbursement paragraphs and equalization judgment were ambiguous and requesting a clarifying order. Moseley also filed his own motion for enforcement, alleging that Gandee failed to reimburse his separate property estate and the community property estate as ordered by the amended decree.

In April 2016, the trial court issued an order appointing a receiver, essentially granting Gandee's motion to enforce the decree. In May 2016, the trial court denied Moseley's motion for enforcement. Moseley filed a timely notice of appeal.

**Discussion**

**1. The trial court did not abuse its discretion or impermissibly alter the amended decree by granting Gandee's motion to enforce and denying Moseley's.**

In his first two issues, Moseley argues that the trial court abused its discretion and impermissibly altered the amended decree by denying his motion to enforce while granting Gandee's.

We review a trial court's ruling on a motion for enforcement under an abuse-of-discretion standard. *In re M.K.R.*, 216 S.W.3d 58, 61 (Tex. App.—Fort Worth 2007, no pet.); *Beck v. Walker*, 154 S.W.3d 895, 901 (Tex. App.—Dallas 2005, no pet.). A trial court abuses its discretion if the court acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

If a divorce decree does not arise from an agreement of the parties, it is construed according to the same rules as other judgments, as opposed to the law of contracts, which is applied to consent or agreed judgments. *Soto v. Soto*, 936 S.W.2d 338, 340 (Tex. App.—El Paso 1996, no writ) (op. on reh'g). If a non-consent decree is unambiguous under the law in effect at the time the judgment was rendered, it is construed in accordance with its literal language. *Wilde v. Murchie*, 949 S.W.2d 331, 332 (Tex. 1997); *Soto*, 936 S.W.2d at 340–41; *Barnard v. Barnard*, 863 S.W.2d 770, 772 (Tex. App.—Fort Worth 1993, no writ). But if a non-consent divorce judgment is ambiguous, the reviewing court must

4

look both to the decree as a whole and to the record to determine the meaning of the judgment. *Wilde*, 949 S.W.2d at 332–33; *Soto*, 936 S.W.2d at 341.

Judgments, like other written instruments, are to be construed as a whole toward the end of harmonizing and giving effect to all the court has written. *Constance v. Constance*, 544 S.W.2d 659, 660 (Tex. 1976). "Conclusive effect is not to be given the use or not at a particular point in the judgment of the commonly employed decretal words, and what the court had adjudicated is to be determined from a fair reading of all the provisions of the judgment." *Id.*

"Decretal" means the granting or denying of the remedy sought. *Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 620 n.21 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (op. on reh'g). The factual recitations or reasons preceding the decretal portion of a judgment form no part of the judgment itself. *Alcantar v. Okla. Nat'l Bank*, 47 S.W.3d 815, 823 (Tex. App.—Fort Worth 2001, no pet.); *see also Redwine v. Peckinpaugh*, 535 S.W.3d 44, 49 (Tex. App.—Tyler 2017, no pet.); *Hines v. Villalba*, 231 S.W.3d 550, 553 (Tex. App.—Dallas 2007, no pet.); *Crider v. Cox*, 960 S.W.2d 703, 705 (Tex. App.—Tyler 1997, writ denied). Moreover, where there appears to be a discrepancy between the judgment's recital and decretal paragraphs, recitals preceding the decretal portions of the judgment do not determine the rights and interests of the parties. *Alcantar*, 47 S.W.3d at 823. Rather, the decretal provisions in the judgment control. *Id.*

The provisions of the amended decree at issue here are the "Reimbursement Claims" and the "Equalization Judgment." The three reimbursement-claim paragraphs employ the same verbal formula: "The Court ORDERS AND DECREES that" one party or estate "is *entitled* to reimbursement" from another party or estate. [Emphasis added.] The equalization-judgment paragraph uses slightly different language: "IT IS DECREED AND ORDERED that [Gandee] is *awarded a judgment* of $45,441 against [Moseley] as part of the fair and equitable division of the community estate." [Emphasis added.]

As noted above, the decree's inclusion of the commonly used decretal verbs "order" and "decree" are not conclusive in our interpretation of the relevant provisions' meaning. *See Constance*, 544 S.W.2d at 660. The more significant verbs in these provisions are "entitled" in the reimbursement paragraphs and "awarded" in the equalization paragraph.

The meaning of "awarded" in the equalization paragraph is unambiguous. The meaning of "entitled" in the reimbursement claims is less so. "Award" means to "grant by formal process or by judicial decree." *Award*, Black's Law Dictionary 164 (10th ed. 2014). "Entitle," however, can mean either to "grant a legal right to" or "[to] qualify for." *Entitle*, Black's Law Dictionary 649. One possible interpretation is that the decree uses the verbs "awarded" and "entitled" interchangeably. But an equally possible interpretation is that "entitled" as used in the reimbursement paragraphs comports with the second possible definition of the term, "to qualify for." If so, then the court used the term "entitled" to

6

recognize the various estates' rights to reimbursement while it employed the term "awarded" in the equalization paragraph to actually effectuate the division of the property. Under this interpretation, the reimbursement paragraphs are recitals, and the equalization paragraph is the decretal provision. Because the reimbursement paragraphs are susceptible to multiple interpretations when juxtaposed against the equalization paragraph, we conclude that the reimbursement paragraphs are ambiguous.

Having determined that the reimbursement paragraphs are ambiguous, we turn to the rest of the decree and the record to determine their meaning. *See Wilde*, 949 S.W.2d at 332–33; *Soto*, 936 S.W.2d at 341. First, we note that the verb "entitled" appears only in the decree's reimbursement paragraphs; the decree uses the verb "awarded" everywhere else.

Second, the amended decree's headings identify the reimbursement paragraphs as "claims" but the equalization paragraph as a "judgment."

Third, in its findings of fact and conclusions of law made after the trial court signed the original decree, the trial court concluded that it awarded the equalization judgment after "taking into account the value of all personal and real property awarded to each party and *then applying the requisite reimbursement claims*," suggesting that the trial court did not intend the reimbursement paragraphs to function as separate awards. [Emphasis added.] The trial court incorporated this conclusion by reference into its response to the request for

findings of fact and conclusions of law Moseley made after the court rendered the amended decree.

Fourth, at a July 2016 hearing on Moseley's motion to reconsider the appointment of a receiver, the parties argued about whether the reimbursement paragraphs represented separate awards or were included in the equalization paragraph's award. The trial judge said she had considered all offsets when awarding the equalization judgment.

Considering the reimbursement paragraphs in light of the rest of the amended decree and the record as a whole, we conclude that the reimbursement paragraphs are not separate awards. Rather, they are recitals that are subsumed within the equalization judgment's decretal language awarding $45,441 to Gandee. We therefore hold that the trial court did not abuse its discretion or impermissibly alter the amended decree by granting Gandee's motion to enforce and denying Moseley's. We overrule Moseley's first and second issues.

## 2. The trial court did not abuse its discretion by appointing a receiver.

In his third issue, Moseley argues the trial court abused its discretion by appointing a receiver to enforce the equalization judgment.

A trial court has broad powers to enlist the aid of a receiver to effectuate its orders and judgment. *Young v. Young*, 765 S.W.2d 440, 444 (Tex. App.—Dallas 1988, writ denied) (citing *Elliott v. Elliott*, 422 S.W.2d 757, 758 (Tex. Civ. App.—

Fort Worth 1967, writ dism'd w.o.j.)). The appointment of a receiver is left to the discretion of the trial court. *Id.*

Moseley argues that the trial court abused its discretion when it appointed a receiver because he acted in good faith when he "sought and followed the advice of two attorneys in interpreting the terms of the Decree" when he failed to pay the $45,441 equalization judgment.[2] Moseley cites no authority for the proposition that a party's good-faith failure to comply with a divorce decree takes the appointment of a receiver outside the trial court's discretion. Moseley cites one case—*Cook v. Cameron*, 733 S.W.2d 137, 141 (Tex. 1987) (op. on reh'g)—for the idea that a party should not be punished for a good-faith interpretation of a decree. But we do not find that case instructive under the circumstances present here, as it did not involve the appointment of a receiver (it involved the legal interpretation of a decree's contingent-escalation clause), and it was not decided under the abuse-of-discretion standard. *See id.* at 140–41.

Under the circumstances presented by the record before us, we hold that the trial court did not abuse its broad discretion by appointing a receiver to effectuate the decree's equalization judgment. *See Young*, 765 S.W.2d at 444. We overrule Moseley's third issue.

---

[2]We note that the record before us contains no evidence that Moseley consulted with two attorneys or what those attorneys advised him to do. Moseley relies on his own unsworn supplemental motion for reconsideration of appointment of a receiver to support his argument.

9

**Conclusion**

Having overruled all of Moseley's issues, we affirm the trial court's orders.
*See* Tex. R. App. P. 43.2(a).

/s/ Bonnie Sudderth

BONNIE SUDDERTH
CHIEF JUSTICE

PANEL:  SUDDERTH, C.J.; GABRIEL and KERR, JJ.

DELIVERED:  June 21, 2018