Harold C. ABRAMSON, Trustee in Bankruptcy of the Estate of Flage's, Inc., Appellant,

v.

Aaron RASHTI, Appellee.

No. 16466.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 22, 1963.

Rehearing Denied Jan. 3, 1964.

**700**

Ungerman, Hill, Ungerman & Angrist, and Wm. Madden Hill, Dallas, for appellant.

Kerr, Day & Cook, and John A. Kerr, Fort Worth, for appellee.

MASSEY, Chief Justice.

Suit was filed by plaintiff Trustee in Bankruptcy to obtain $19,800.00 in the hands of defendant, owner of store-building premises, for the benefit of the bankrupt's estate. The bankrupt, Flage's, had been a tenant in the defendant's building under a lease which provided for the lessee's deposit of the $19,800.00 with the lessor (defendant) as a "security deposit" on the lease contract.

Trial was to the court without intervention of a jury. After hearing judgment was rendered for the defendant, and that the plaintiff take nothing. Plaintiff appealed.

Judgment affirmed.

■ Findings of fact and conclusions of law were requested and filed. The fact findings therein are not attacked by the points of error presented by the plaintiff, appellant in this court. The court's conclusions of law, based upon the facts, are challenged. We are in accord with the contentions of plaintiff that the original lease contract, under provisions of which the defendant contends he has a right to retain the $19,800.00 as liquidated damages, does not support the judgment. The trial court deemed the provisions of the contract relative to the security deposit to make the same liquidated damages. Under tests proper to be made in view of the decisions of Stewart v. Basey, 1952, 150 Tex. 666, 245 S.W.2d 484 and Wyll v. Kent, 1932 (Tex.Civ.App., Dallas), 56 S.W.2d 505, we have concluded that the provisions of the contract relative to the security deposit rendered the same a provision for a mere penalty, without any effect in the disposition of this case. Since we have concluded that the judgment is to be affirmed on other grounds we do not lengthen the opinion by elaboration upon this holding.

Alternatively, the trial court concluded that even if the provision in question was one for a penalty the defendant had established his accrued damages computable prior to Flage's' breach of contract through failure to pay rent, as the amount of $40,000.00. This conclusion finds support in the findings of fact.

■ Furthermore, it is noticed in the findings of fact that Flage's, while a tenant about to fail in business (about the time of the breach of the lease-contract), agreed with the defendant that if either could find a satisfactory and financially solvent tenant to take over the leased premises for Flage's' account, at the same rent as provided in the lease, defendant would deliver over the $19,800.00 security deposit;—otherwise, the deposit would be retained to compensate defendant for such extra cost and expense as had been incurred in constructing the building alterations and special improvements (also spoken of as "one purpose" type

of improvements) incident to Flage's' original entry into possession as defendant's lessee. In view thereof it is apparent that one theory under which the judgment finds support is that there had been a full consummation of this agreement.

Despite the fact that the terms of the lease contract were not such as would entitle defendant to any damages accruing as the result of Flage's' breach after the date of his recission and reentry, he undoubtedly had sustained collectible damages which could be calculated up to the time of reentry. Indeed, damages in the amount of one-half of one month's rent (at the rate of $3,333.33 per month) is conceded by the plaintiff.

Furthermore, Flage's and the defendant were at liberty to make binding their agreement (in the nature of a compromise and settlement of the matter of the agreed liquidation of defendant's damages because of Flage's anticipated and impending breach) to which the trial court had reference in the findings of fact. The Parol Evidence Rule did not inhibit proof thereof. The Statute of Frauds did not operate to make such contract ineffective.

Judgment is affirmed.