Eliza Patten **WASHINGTON**, Appellant,

v.

James Roland **LAW**, Administrator of the Estate of Pauline Anna Law, Deceased, Appellee.

No. 1108.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 26, 1975.

Rehearing Denied March 19, 1975.

**954**

————◆————

Robert W. Hainsworth, Houston, for appellant.

Jake Johnson: Johnson & Ritchie, Houston, for appellee.

CURTISS BROWN, Justice.

This is an appeal from a trial de novo in the district court which upheld an order of the probate court denying appointment of Eliza Patten Washington (Washington or appellant) as administrator with will annexed to the estate of Thelma Patten Law. The facts were stipulated by the parties. Appellant and Thelma Law were sisters. Thelma Law's deceased spouse had a son, James Roland Law (appellee), by a prior marriage. Mrs. Law and her spouse also produced a child of their marriage, Pauline Anna Law. Thelma Law died testate on November 12, 1968. She left her entire estate to her daughter Pauline and named her as independent executrix. On December 7, 1968, Pauline Law died intestate leaving her half-brother and aunt.

It is alleged in appellant's petition on appeal to the district court that Thelma Law's attorney filed applications in probate court for temporary administration and for admission of the will as a muniment of title only, on December 10, 1968. It is further alleged that an order granting the temporary administration was signed that same day. An amended application for admission of the will as a muniment of title was filed in July of 1969. Appellant filed an opposition and sought to be appointed administratrix with will annexed to Thelma Law's estate. Upon hearing, the probate court admitted the will as a muniment of title and denied appellant's petition. The district court reached the same result and this appeal was perfected.

Appellant raises two points of error. First, the trial court erred in denying the petition of appellant that Thelma Law's will be admitted to probate, and that she be appointed administratrix with will annexed as under Vernon's Tex.Prob.Code Ann. § 77 (1956), she was the next of kin of the deceased. Second, the trial court erred as appellee did not produce evidence of no debts or of no necessity for administration.

■ Appellant did not request findings of fact or conclusions of law nor were any filed. Therefore, we must affirm the trial court if there is any legal theory which supports the judgment which has support in the evidence. Texas Rules of Civil Procedure, rule 296; Seaman v. Seaman, 425 S.W.2d 339 (Tex.Sup.1968). Further, it must also be presumed that every fact issue was found in favor of the appellee. Quinn v. Dupree, 157 Tex. 441, 303 S.W.2d 769 (1957). In order to reach the question of the propriety of denying relief to appellant, we must first determine whether the admission of the Thelma Law will as a muniment of title was improper. Section 89 of the Probate Code, Tex.Prob. Code Ann. (Supp.1974), grants discretion to the trial court to admit a will to probate solely as a muniment of title: (1) if the court is satisfied that the will should be admitted to probate; and (2) that there are no unpaid debts owing by the estate of the testator, excluding debts secured by liens on real estate, *or if the court, for other reasons, finds that there is no necessity for administration upon such estate.* Therefore, appellant bears the further burden of showing a clear abuse of discretion. Landry v. Travelers Insurance Company, 458 S.W.2d 649 (Tex.Sup.1970).

■ There is no dispute as to the lawfulness of Thelma Law's will. At the death of Thelma Law, her property instantaneously vested in Pauline A. Law, subject to any debts. Tex.Prob.Code Ann. § 37 (Supp.1974). At the death of Pauline A. Law, her property, including her rights in the Thelma Law property, instantly vested in James Roland Law. Tex.Prob. Code Ann. § 38(a)(3) (1956), § 41(b)

(1956), and § 37 (Supp.1974). The fact of the provisions of the will and the timing of the deaths were before the judge. Based upon these facts, we must presume that he found that the avoidance of multiple administration of the same property with the attendant costs was "reason" for finding no necessity for administration. The stipulation of the parties of a legal conclusion such as "there is a necessity for administration" does not control the power of the trial court to apply the applicable rules of law to the facts. American Title Company v. Smith, 445 S.W.2d 807 (Tex.Civ.App.— Houston [1st Dist.] 1969, no writ). As there is support in the evidence for the theory outlined above, the trial court did not err in admitting the will as a muniment of title only. As there was no administrator to be named for the estate of Thelma Law, there was no cause for application of Tex.Prob.Code Ann. § 77 (1956) in that regard and consequently there was no error in denying relief on that ground.

We have considered all of appellant's points and they are overruled. The case is affirmed.

Affirmed.