Alfred Eugene COLLINS, Appellant,

v.

Virgie Juanita COLLINS, Appellee.

No. 956.

Court of Civil Appeals of Texas, Tyler.

July 22, 1976.

Duane G. Stephens, Stephens, Corn & Rosenstein, Tyler, for appellant.

Roland Matthews, Troup, for appellee.

McKAY, Justice.

This is a divorce case involving the sole question of whether there was an abuse of discretion by the trial court in dividing the property.

Alfred Eugene Collins, appellant, and Virgie Juanita Collins, appellee, married in 1959. At the time of the marriage appellee owned a residence in Wilmer, Dallas County. In 1965 the parties bought a residence and an extra lot near Whitehouse in Smith County. During the marriage the community acquired various items of personal property, but some items of furniture were found by the court to be the separate property of appellant.

The trial court judgment awarded to appellant as his separate property: (1) one dining room suite, (2) one living room suite, (3) one china and silver set, and (4) one bedroom suite. The judgment set aside to appellee as her separate property her residence in Wilmer. All other property was found to be community.

The personal community was also divided by the court. Appellant received: (1) a 1974 Ford truck, (2) a 1969 Mercury automobile, (3) T.V. business and inventory, (4) a Diesel tractor and trailer, and (5) all other personal property in his possession on July 15, 1975. Appellee received: (1) a 1969 Ford automobile, (2) a 1967 Ford automobile; and (3) all other personal property in her possession on July 15, 1975.

The court also found that the community had expended $3,500.00 on the separate property residence of appellee, and that appellant was entitled to be reimbursed in the sum of $1,750.00 for his community share.

The court found that the community residence in Smith County was incapable of partition and appointed a receiver to sell the property and divide the proceeds. The court ordered that after the expenses of the sale and the receiver's fee were paid the receiver should pay to appellant from the net proceeds of the sale the sum of $1,750.00 as reimbursement for funds expended on the separate property of appellee.

By his first point appellant complains that the trial court abused its discretion in not correctly determining the amount of reimbursement due the community for community funds expended on appellee's separate property. Appellant contends that the court should have ordered reimbursement to the community of a sum equal to the enhanced value of appellee's separate property caused by the expenditure of community funds instead of ordering only the reimbursement of the funds expended. By his second point appellant claims an abuse of discretion by the court in not properly taking into account appellee's fraudulent dissipation of the community estate.

No findings of fact and conclusions of law were filed and none were requested. In such a case the appellate court must presume that every disputed fact issue was found by the trial court in support of the judgment rendered. *Morris v. Texas Elks Crippled Children's Hospital, Inc.*, 525 S.W.2d 874, 881 (Tex.Civ.App.-El Paso 1975, writ ref'd n. r. e.); *Washington v. Law*, 519 S.W.2d 953 (Tex.Civ.App.-Houston [14th Dist.] 1975, writ ref'd n. r. e.).

Divorce courts are given wide discretion in making a division of the property of the parties and such discretion will not be disturbed on appeal unless it has been clearly abused. *Bell v. Bell*, 513 S.W.2d 20, 22 (Tex.1974); Tex. Family Code, Sec. 3.63.

Appellant argues that the community funds expended on appellee's separate property plus his labor on and maintenance of such premises enhanced the value of appellee's separate property residence; and, accordingly, the community estate should have received more reimbursement. Appellant also maintains that appellee gave clocks and pianos to her daughters which were bought with community funds and that such gifts constituted a fraud on the community. The trial court is vested with wide discretion in the division of community property in divorce cases, and the court is not required to divide community property equally between the parties. *Dobbs v. Dobbs*, 449 S.W.2d 119 (Tex.Civ.App.-Tyler 1969, no writ); *Mercer v. Mercer*, 503 S.W.2d 395 (Tex.Civ.App.-Corpus Christi 1973, no writ). The trial court may divide the property in such a way as will seem right, just and proper to the court. *Mea v. Mea*, 464 S.W.2d 201 (Tex.Civ.App.-Tyler 1971, no writ); *Hensley v. Hensley*, 496 S.W.2d 929 (Tex.Civ.App.-El Paso 1973, no writ). The trial court may also consider the disparity in the earning power of the parties and their business opportunities, capacities and abilities in making a division of the property in a divorce case. *In re Marriage of McCurdy*, 489 S.W.2d 712 (Tex.Civ.App.-Amarillo 1973, writ dism'd). In view of the wide discretion of the trial court, we find no reversible error in the conduct com-

plained of. Appellant's points one and two are overruled.

■ Appellant next complains that the court abused its discretion in not awarding to him the correct amount of reimbursement due as his share of the funds expended on appellee's separate property. We agree with appellant's complaint. Under the court's order the $1,750.00 reimbursement was to be taken from the net proceeds of the sale of the Smith County community residence before any distribution was made to the parties. Such a procedure would result in appellant being reimbursed only in the sum of $875.00 since the $1,750.00 payment to him was to be made out of the undivided community funds. He already owned one-half of the $1,750.00 ordered paid to him; therefore, the judgment should have provided that after the net proceeds from the sale of the community residence were divided, $1,750.00 should be paid from the share of appellee to appellant.

We hold that the provisions of the judgment did not properly reimburse appellant for his share of the $3,500.00 found by the court to be owing to the community by the separate estate of appellee. Therefore, the judgment of the trial court is reformed to provide that after the net proceeds from the sale of the community real estate are equally divided between the parties, the sum of $1,750.00 should be subtracted from appellee's share and awarded to appellant.

The judgment of the trial court is reformed, and as reformed, is affirmed.