Janice Ruth FUQUA, Appellant,

v.

J. P. FUQUA, Jr., Appellee.

No. 944.

Court of Civil Appeals of Texas, Tyler.

Aug. 26, 1976.

Dan H. Hennigan, Houston, for appellant.

Billy Payne, Bryan, for appellee.

McKAY, Justice.

Appellant, Janice Ruth Fuqua, brings this appeal complaining of the division of community property incident to her divorce from appellee, J. P. Fuqua, Jr.

The trial to the court without a jury resulted in the rendition of a decree of divorce on November 3, 1975. There were no children born of the marriage. No findings of fact or conclusions of law were requested and none were filed.

In its decree the trial court found that the only property on hand at the dissolution

of the marriage was community property. The only real property involved was a house and lot which had been the community residence. The remainder of the property was personalty. There were also some community debts outstanding at the dissolution of the marriage.

All of the property was listed in itemized schedules attached to the judgment. The decree awarded all of the property listed in Schedule I to appellee and ordered that he assume and pay all of the debts, obligations and liabilities in Schedule II. Appellant was awarded the property listed in Schedule III and was ordered to assume the debts, obligations and liabilities contained in Schedule IV. The respective parties were also awarded all personal property items presently in their individual possession which were not specified in the schedules.

Appellant's sole point of error asserts that the trial court abused its discretion in dividing the community property of the parties. Appellant states that the total value of the scheduled property awarded to her is $7,595.31 as compared to $6,687.82 in scheduled property awarded to appellee. Appellant argues, however, that since these figures represent values of items as they existed at the time depositions were taken the figures require adjustment so as to take into consideration the property and values existing at the time of trial.

Appellant points to certain property which was either not listed in the schedules or which was not valued consisting of a $600.00 checking account, a $50.00 savings account, two life insurance policies, and a 1975 Cutlass Oldsmobile which were in appellee's possession at the time of trial. Appellant then brings to our attention two items awarded to her by the decree consisting of $800.00 from the Texas Employees Retirement System and a $270.00 savings account. Appellant maintains that she was forced to spend these funds for her support prior to trial and that these funds were no longer in existence when they were awarded to her by the decree. Appellant also argues that a $450.00 savings bond awarded

to her by the decree was actually her separate property.

Therefore, appellant contends that she actually received community property in the sum of $6,075.31 as compared to $7,337.82 worth of community property awarded to appellee.

Appellant maintains that the trial court abused its discretion in not considering the preceding facts concerning the property mentioned. According to appellant, the trial court abused its discretion in awarding to appellee property with a value $1,262.41 greater than the property awarded to her. Additionally, appellant contends that this disparity in value shows abuse of discretion by the trial court when considered with the fact that appellee has an earning capacity nearly double that of appellant.

█ Let us assume, for the sake of argument, that the aforementioned contentions of appellant regarding the various items of property are well taken and that a difference of $1,262.41 in value of property awarded exists. In our opinion, appellant's contentions are not sufficient to show an abuse of discretion by the trial court in dividing the property of the parties.

█ Tex. Family Code Ann. sec. 3.63 provides, "In a decree of divorce . . . the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." In making a division of the property of the parties, divorce courts are given wide discretion and such discretion will not be disturbed on appeal unless it has been clearly abused. *Bell v. Bell,* 513 S.W.2d 20, 22 (Tex.1974).

█ Moreover, the trial court is not required to make an equal division of the property of divorced parties. *Elrod v. Elrod,* 517 S.W.2d 669 (Tex.Civ.App.-Corpus Christi 1974, no writ). The trial court's ruling will not be interfered with unless it is shown to be manifestly unfair. *Roberson v. Roberson,* 420 S.W.2d 495 (Tex.Civ.App.-Houston [14th Dist.] 1967, writ ref'd n. r. e.). Various factors may be considered by

the trial court in dividing the property of the parties such as the age and physical condition of the parties, their relative need for future support, fault in breaking up the marriage, benefits the innocent spouse would have received from a continuation of the marriage, the size of the estate and the relative abilities of the parties. *Currie v. Currie,* 518 S.W.2d 386 (Tex.Civ.App.-San Antonio 1974, error dismissed). Appellant's point of error is overruled.

■ In further support of our decision herein, we must point out that where no findings of fact and conclusions of law were requested nor filed, the appellate court must presume that every disputed fact issue was found by the trial court in support of the judgment rendered. *Washington v. Law,* 519 S.W.2d 953 (Tex.Civ.App.-Houston [14th Dist.] 1975, writ ref'd n.r.e.).

The judgment of the trial court is affirmed.