LOGGINS CONSTRUCTION
COMPANY, Appellant,

v.

STEPHEN F. AUSTIN STATE
UNIVERSITY BOARD OF
REGENTS, Appellee.

No. 947.

Court of Civil Appeals of Texas,
Tyler.

Oct. 28, 1976.

Rehearing Denied Dec. 2, 1976.

John R. Brumbelow, Tyler, for appellant.

John Reeves, Asst. Atty. Gen., Austin, for appellee.

McKAY, Justice.

Appellant, Loggins Construction Company (Loggins), brought this suit against Stephen F. Austin State University Board of Regents, appellee (the University), to recover money withheld by the University as liquidated damages on a construction contract for delay in completion for extra work done, and for interest and attorney's fees. The trial was before the court and the court rendered a take nothing judgment against Loggins, who brings this appeal.

Loggins and the University entered into a written contract for Loggins to build a stadium for the University for a total sum of $1,518,000 with a completion date of September 1, 1972. The contract was later modified in writing, dated April 10, 1973, to provide that in consideration of the release of $24,500.00 previously withheld by the University from Loggins as liquidated damages, and because of the desire of both parties "to effect more desirable working conditions and to settle disputed dates," the completion date was extended to February 23, 1973, and that "liquidated damages" in the amount of $250.00 per day shall be paid by Loggins or withheld by the University from monies due, for each consecutive calendar day after February 23, 1973. The University withheld $39,500 as liquidated damages from the final payment.

Stipulations of fact in the record reveal that (1) change orders approved by the University and its architect were in the amount of $111,127.00; (2) the revised contract amount, including change orders, was the sum of $1,629,127.00; (3) the University paid $1,589,627.00 to Loggins which was the total sum paid for work under the contract; (4) the intention of the University in signing the modified agreement, with relation

to the "liquidated damages" provision, was to induce Loggins to complete the stadium as soon as possible by withholding $250.00 per day after February 23, 1973, "thereby causing pecuniary loss from money due under the contract"; and (5) actual damage, if any, caused by Loggins' failure to complete the work on February 23, 1973, accruing to the University after that date "does not exceed $6,500.00."

There are no findings of fact or conclusions of law and none were requested. The University has not filed a brief on appeal.

Loggins' first point of error complains that the trial court erred in failing to render judgment for Loggins for $39,500.00 because such sum was a penalty rather than valid liquidated damages and was, therefore, wrongfully withheld by the University from the final payment. Loggins contends that it was the intention of both parties at the time the modified or new contract was executed to set a penalty of $250.00 per day for each day beyond the completion date of February 23, 1973, and that the figure of $250.00 was chosen not as an estimation of any damages to be suffered by the University, but as an arbitrary amount designed only to induce prompt completion.

The modified contract provided in paragraph II that:

"It is further agreed that liquidated damages in the amount of TWO HUNDRED FIFTY AND NO/100 ($250.00) DOLLARS per day shall be paid by LOGGINS CONSTRUCTION COMPANY or withheld by STEPHEN F. AUSTIN STATE UNIVERSITY from monies due, for each consecutive calendar day following the completion date of the 23rd day of February, 1973."

The stipulations of the parties provided in paragraph (7) that:

"The intention of STEPHEN F. AUSTIN STATE UNIVERSITY at the time of the signing of the modified agreement in relation to paragraph II, page 1, reading as follows, to-wit: (as quoted above) was to induce LOGGINS CONSTRUCTION COMPANY to complete the stadium as soon as possible by the withholding of

TWO HUNDRED FIFTY ($250.00) DOLLARS per day, thereby causing pecuniary loss from money due under the contract."

The question presented is whether the contractual provision relating to liquidated damages is to be construed as an agreement fixing the damages recoverable for breach of the agreement or whether same is to be regarded as a penalty.

■ Chief Justice Hickman, in *Stewart v. Basey*, 150 Tex. 666, 245 S.W.2d 484, 486 (1952), set out the rule applicable in a case like the instant one:

"The right of competent parties to make their own bargains is not unlimited. The universal rule for measuring damages for the breach of a contract is just compensation for the loss or damage actually sustained. By the operation of that rule a party generally should be awarded neither less nor more than his actual damages. A party has no right to have a court enforce a stipulation which violates the principle underlying that rule. In those cases in which courts enforce stipulations of the parties as a measure of damages for the breach of covenants, the principle of just compensation is not abandoned and another principle substituted therefor. What courts really do in those cases is to permit the parties to estimate in advance the amount of damages, provided they adhere to the principle of just compensation. Restatement of Contracts, Sec. 339, accurately expresses the rule as follows:

'(1) An agreement, made in advance of breach fixing the damages therefor, is not enforceable as a contract and does not affect the damages recoverable for the breach, unless

'(a) the amount so fixed is a reasonable forecast of just compensation for the harm that is caused by the breach, and

'(b) the harm that is caused by the breach is one that is incapable or very difficult of accurate estimation.'

"This comment on subsection (1) follows:

'b. Contracts are frequently made in which performance of very different

degrees of importance and value are promised and one large sum of money is made payable as damages for any breach whatever. Since such a contract promises the same reparation for the breach of a trivial or comparatively unimportant stipulation as for the breach of the most important one or of the whole contract, it is obvious that the parties have not adhered to the rule of just compensation. In this matter neither the intention of the parties nor their expression of intention is the governing consideration. The payment promised may be a penalty, though described expressly as liquidated damages, and vice versa.' "

 The rule was expressed in another way by Judge Bateman in *Brace v. Dante*, 466 S.W.2d 66, 69, 70 (Tex.Civ.App.-Dallas 1971, no writ):

"The general rule is that if such a provision is for a penalty to secure performance of the contract, it is unenforceable and the party claiming a breach is required to prove his actual damages. On the other hand, if the provision was actually intended by the parties to constitute an estimate by them of the damages which would be actually sustained by Dante in case of breach by Brace, and the amount so fixed is a reasonable estimate of just compensation for the harm to be caused by the breach, and the amount of damages is incapable or quite difficult of determination, it is enforceable. The parties' expression of intention in this respect is not controlling in making this determination."

*Stewart v. Basey,* supra, states the rule in Texas and has been followed by many cases: *Ashton v. Bennett,* 503 S.W.2d 392, 394 (Tex.Civ.App.-Waco 1973, writ ref'd n.r. e.); *Brace v. Dante,* supra; *Roberts v. Dehn,* 416 S.W.2d 851, 854 (Tex.Civ.App.-Dallas 1967, no writ); *Walter E. Heller Co. v. Allen,* 412 S.W.2d 712, 719 (Tex.Civ.App.-Corpus Christi 1967, writ ref'd n.r.e.); *Abramson v. Rashti,* 373 S.W.2d 699, 700 (Tex.Civ.App.-Fort Worth 1963, writ ref'd n.r.e.); *Christi, Michell and Mitchell Co. v.*

*Selz,* 313 S.W.2d 352, 354 (Tex.Civ.App.-Fort Worth 1958, writ dism'd); *Schepps v. American District Telegraph Co. of Texas,* 286 S.W.2d 684, 690 (Tex.Civ.App.-Dallas 1955, no writ).

 Applying these established principles of law to the record before us we conclude that the provision of the contract and the modification thereof relating to liquidated damages must be held to be, as a matter of law, a penalty and, therefore, not enforceable. Both the original contract and the modified version provided for the payment by Loggins or the retention by the University of $250.00 per day for each calendar day beyond the date of completion. Paragraph II of the modified agreement referred to the amount as "liquidated damages"; however, paragraph III of the same instrument names the amount as "the aforementioned penalties." Moreover, the stipulations of fact state that it was the intention of the University to induce Loggins "to complete the stadium as soon as possible" by withholding $250.00 per day "thereby causing pecuniary loss from money due under the contract."

Under the record it does not appear that the provision was actually intended by the parties to constitute an estimate or forecast by them of the damages which would be actually sustained by the University in case of a breach by Loggins. By their stipulation and modified agreement they agree it was a penalty, the purpose of which was to punish Loggins monetarily for failure to complete the stadium on time. The University attempted to prove actual damages but the record reflects that there is little, if any, evidence of probative value of any actual monetary damage, and, if there was any damage, the amount of same. Regardless of the intention of the parties, it does not appear that the amount so fixed is a reasonable forecast of just compensation for the harm that is caused by the breach. The stipulations state that actual damages, "if any", suffered by the University did not exceed $6,500.00; moreover, on April 10, 1973, the date of the modified agreement, the new completion date was fixed as of

February 23, 1973, and by calculation there was approximately $11,500.00 due as a penalty under the modified contract at that time. We find that the so-called stipulated damages, although uncertain and not capable of accurate estimation, were not reasonable.

Loggins' second point of error complains that the trial court failed to award recovery of $1,695.58 as interest for late payments by the University, and Loggins' third point of error maintains the trial court erred in not awarding to Loggins $3,986.00 for extra work done by Loggins. Since there are no findings of fact and conclusions of law, we must presume every fact issue and such implied findings as were necessary were found by the trial court in support of the judgment rendered. *Morris v. Texas Elks Crippled Children's Hospital, Inc.*, 525 S.W.2d 874, 881 (Tex.Civ.App.-El Paso 1975, writ ref'd n.r.e.); *Washington v. Law*, 519 S.W.2d 953, 954 (Tex.Civ.App.-Houston [14th Dist.] 1975, writ ref'd n.r.e.).

The judgment of the trial court is reversed, and judgment is here rendered that Loggins recover $39,500.00 from the University.