Jose A. HERNANDEZ, Appellant,

v.

Mary Helen SIMBECK, Appellee.

No. 15792.

Court of Civil Appeals of Texas, San Antonio.

June 8, 1977.

Ruben Salazar, Del Rio, for appellant.

Sol E. Arledge, Del Rio, for appellee.

KLINGEMAN, Justice.

This is a suit by Jose A. Hernandez against his daughter, Mary Helen Simbeck, to impress a resultant trust on certain lots in the City of Del Rio conveyed by sheriff's sale to Mary Helen Simbeck, and asking that the court order defendant to execute a deed conveying such property to plaintiff. Trial was to the court, who, after a hearing, decreed that plaintiff take nothing by his suit. The parties will be herein referred to as they were in the trial court.

Plaintiff asserts three points of error, which may be summarized as follows: 1. The court erred in ruling against the plaintiff based upon a variance between the pleadings and the proof. 2. The court erred because evidence not in accordance with the pleadings must be objected to, otherwise the case will be tried on any theory brought out by the evidence. 3. The court erred in permitting appellee's counsel to argue that appellant had alleged one thing and proven another.

Defendant asserts that such points of error challenge no action or ruling by the court and are too general, multifarious, and argumentative to specify error.

As we understand plaintiff's points of error and the brief in connection therewith, such points of error are based upon the belief by plaintiff that the trial court decided what it did because of a variance between the pleadings and the evidence. We find no basis in the record for this contention by plaintiff. After a hearing which included testimony by both plaintiff and defendant and the introduction into evidence of numerous exhibits, the court entered the herein judgment, which recited that after considering the pleadings, the evidence, and the argument of counsel, the court was of the opinion that the law and the facts were with the defendant, and entered a take-nothing judgment against plaintiff.

The only witnesses to testify were plaintiff and defendant. The documentary evidence was quite extensive and included (a) the deed of conveyance from Herman J. Richter, Sheriff of Val Verde County, to Mary Helen Simbeck, dated September 15, 1971, conveying various lots, including the lots here involved; (b) a check of plaintiff to Herman Richter, dated September 15, 1971, in the amount of $2,125.00 with a notation thereon, "Tax Sale"; (c) numerous checks from defendant in payment of taxes; (d) numerous tax receipts from various tax agencies in Del Rio evidencing payment of taxes by defendant; (e) a partition deed dated October 23, 1975 between Jose A. Hernandez and his children, Mary Helen Simbeck and Jose Mario Hernandez, partitioning and dividing certain properties, but not including the lots here involved.

Both plaintiff and defendant testified in some detail. In effect, plaintiff testified that he paid for the property sold at the sheriff's sale here involved; that the property was placed in defendant's name because he had other property that he had acquired with his wife, who had passed away; that he didn't want to get the properties mixed up; that he asked his daughter if he could put it in her name for a few days, and she said it was alright. He also testified that there were two reasons that the property was placed in her name. 1. He was trying to keep it separate from the community property. 2. He didn't want to have property in his own name in order to avoid paying inheritance taxes. He testified that one of the lots conveyed to defendant in such sheriff's deed was later conveyed to another person, at his request, by defendant; and that the money went to him.

Defendant testified that the property was given to her by her father; that he told her he probably wouldn't live long and he didn't want her to have any problems in regard to such property. She testified that she did sign a deed to one of the lots to another person in 1974, at her father's request, because she thought he was in need of money and she wanted to help him.

Plaintiff, in rebuttal, denied there was a gift of such property to defendant.

■ While there is a serious question of whether plaintiff's points of error present

anything for this Court to review, even if we consider them as sufficiency of evidence points of error, there is sufficient evidence in the record to support the trial court's judgment.

The record contains no findings of fact or conclusions of law or any request for such findings. Where no findings of fact or conclusions of law are requested of or filed by the trial court, an appellate court must presume every disputed fact issue was found by the trial court in support of the judgment, and the judgment of the trial court should be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Bishop v. Bishop,* 359 S.W.2d 869 (Tex.1962); *City of Dallas v. Furrh,* 541 S.W.2d 271 (Tex.Civ.App.—Texarkana 1976, writ ref'd n.r.e.); *Collins v. Collins,* 540 S.W.2d 497 (Tex.Civ.App.—Tyler 1976, no writ); *Tejas Trail Property Owner's Association v. Holt,* 516 S.W.2d 441 (Tex.Civ.App.—Ft. Worth 1974, no writ).

Moreover, in a non-jury case, the trial court is the judge of the credibility of witnesses and the weight to be given their testimony. *Great American Insurance Co. v. Murray,* 437 S.W.2d 264 (Tex.1969); *Loeb, Rhoades & Co. v. Stanley,* 541 S.W.2d 869 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Toungate v. Toungate,* 529 S.W.2d 247 (Tex.Civ.App.—Austin 1975, no writ).

The testimony as to whether there was a gift is conflicting, with plaintiff testifying that there was no gift and defendant testifying that there was. Plaintiff did testify that he didn't want the property in his own name in order to avoid paying inheritance taxes. Moreover, in addition to the fact that the record title to such property is in defendant's name and has been for a number of years, the record also discloses that the defendant paid taxes on the property during such time, and also paid for paving improvements on some of such lots.

The trial court impliedly found that there was a gift of such property, and also impliedly found that plaintiff failed to establish a resultant trust. Such findings are sufficiently supported by the record.

All of plaintiff's points of error are overruled. The judgment is affirmed.