## TURNBOW v. SOUTHERN ENGINE & PUMP CO.   (No. 8114.)

(Court of Civil Appeals of Texas. Galveston. Jan. 10, 1922. Rehearing Denied Jan. 26, 1922.)

Continuance ⬅️19—Party cannot absent himself from court on day set for trial, and force continuance over protest of other.

Where a suit brought October 13, 1920, was answered November 9, 1920, and defendant commanded to appear and answer at the December term, where plaintiff answered ready for trial, and defendant's attorney sought a continuance to procure defendant as a witness, defendant could not absent himself on the day set for trial, and thereby force a continuance for the term, or postpone to a later day, over the protest of plaintiff.

Error from District Court, Harris County; J. D. Harvey, Judge.

Action by the Southern Engine & Pump Company against W. C. Turnbow. From judgment for plaintiff, defendant brings error. Affirmed.

Vinson, Elkins & Wood, of Houston, for plaintiff in error.

N. C. Abbott, of Houston, for defendant in error.

LANE, J. This suit was brought by the defendant in error, Southern Engine & Pump Company, hereinafter called the appellee, against plaintiff in error, W. C. Turnbow, hereinafter called appellant, to recover the sum of $2,118, being a balance due upon a promissory note for the principal sum of $3,118 executed by appellant to appellee, together with interest and attorney's fees as provided in said note, and for a foreclosure of a mortgage lien on certain machinery described in appellee's petition.

Appellant answered, admitting the execution of the note sued on, but sought to defeat recovery thereon by pleading that contemporaneously with the execution of said note he entered into an agreement with appellant, by virtue of which a certain suit then pending was settled, and that said note was given in said settlement of certain matters involved in the suit so settled; that by said settlement it was agreed that the machinery described in the plaintiff's petition should be retained by appellee, and sold by it to the very best advantage during the period covered by the note, and that the proceeds of such sale should be applied to the payment of said note; and that if such machinery was not sold within said period of time, appellee would make some satisfactory arrangement with the factory to purchase the same, but that appellee wholly breached its said agreement.

It is shown by the record that the plaintiff filed its suit on the 13th day of October, 1920; that the defendant, W. C. Turnbow, filed his answer on the 9th day of November, 1920; that the appearance term of the trial court convened on the 12th day of December, 1920, and that this cause was set for trial on the 15th day of December, 1920; that when said cause was called for trial on said 15th day of December, 1920, the plaintiff announced ready for trial, and the defendant, by his attorney, sought a continuance for the purpose of procuring his attendance as a witness. The court overruled the defendant's motion for continuance, and upon a hearing before the court without a jury judgment was rendered for the plaintiff for the sum of $2,409.23, and for a foreclosure of its mortgage lien upon the machinery described in the petition. From the judgment so rendered W. C. Turnbow has appealed, and the only contention made for a reversal of such judgment is that the court erred in overruling his motion for a continuance.

No statement of facts with reference to either the motion for continuance or the merits of the case has been filed in this court, and therefore we are not in a position to pass on the question of diligence raised by the motion for continuance.

The substance of the motion for continuance is that the defendant, W. C. Turnbow, left Houston, his home, where the suit was pending, for Chicago, Ill., about one week before the day on which the case was set for trial, without informing himself as to when the case would be set for trial, and without informing his counsel as to how to reach him in case the same should be set during his absence, and therefore he had no knowledge or notice that the case would be set for trial on the third day of the trial term, nor did he expect it would be so set, and that, by reason of his starting for, or going to, Chicago without having notified his attorney how and where to reach him in case the suit should be called for trial, said attorney was unable to procure his attendance in time for the trial on the day set for the same; that he would, if presented as a witness in his own behalf, testify that matters and things alleged in his answer were true; and that such testimony is material to the issues involved, etc., and that he had exercised due diligence to be present at the trial.

As already stated, the suit was brought on October 13, 1920, and appellant answered November 9, 1920. He was commanded to appear and answer said suit at the December term of the court, to begin on the 12th day of that month, and he should have anticipated that his case might be called for trial in the early days of the court. He should have anticipated that some cases would be tried during the early days of the

court, and that his might be one of them. Notwithstanding these facts, he left Houston, his home, where the suit was pending, a few days before his cause was set for trial, without informing himself as to when the case would be so set, and when the case was called for trial his counsel sought a continuance for the term over the protest of appellee.

We refuse to concur with the contention of appellant that a party to a suit may, under the facts shown by the record in this case and those stated in the motion for a continuance, absent himself on the day set for trial, and thereby force a continuance for the term or postpone to a later day over the protest of the other party to the suit. If any such rule was established litigants could, and many doubtless would, when they desired a continuance, absent themselves from the court during the early days of court, and have their attorneys make the showing as is made in the motion in this case, and in this manner procure a continuance for the term or a postponement to the damage of their adversaries. If such a rule be established to get a continuance or postponement of a case set for trial in the early days of the court, it would only be necessary for a party desiring such continuance to absent himself so that he might not be reached by his counsel so as to inform him of the day set for trial. Such a rule would be intolerable, and result in injustice being done in many instances.

In the instant case it does not appear but what the defendant, Turnbow, personally knew when the case was or would be set for trial, and that he left Houston to prevent a trial of his case. There was no attempt, so far as the record shows, to show that Turnbow personally had no notice or knowledge that his case would probably be set for trial on the 15th day of December, 1920, before he left Houston. Ample discretionary powers rest with the trial court to protect litigants when they are unavoidably absent from attendance at the trial of their suits, but they should in such cases satisfy the court that they are not themselves at fault in not appearing on the day set for trial.

In the case of Adams v. Overland, 202 S. W. 207, it was said:

"The legal duty of appellant was to keep himself posted as to the setting of the case for trial and to be present for the purpose of testifying in the trial and to aid his counsel in the management thereof. This record clearly indicates he did not do so. On the contrary, it appears that he absented himself from the court, going somewhere in South Texas, without informing his counsel where he could be communicated with by letter or telegram. This the trial judge evidently regarded as inexcusable thoughtlessness or negligence on appellant's part, and, in the exercise of that judicial discretion vested in him by law, refused to further postpone the trial of the case."

What has been said in the foregoing quotation has our approval, and it is particularly applicable to the facts of the instant case.

For the reasons pointed out the contention of appellant is overruled, and the judgment affirmed.

Affirmed.