Paul R. OATES, Appellant,

v.

Elva Naomi OATES, Appellee.

No. 914.

Court of Civil Appeals of Texas,
Tyler.

Jan. 22, 1976.

Wilson F. Walters, Patrick M. Reed, Denison, for appellant.

Donald J. Hand, San Antonio, for appellee.

McKAY, Justice.

Appellant, Paul R. Oates, brings this appeal from a decree of divorce rendered April 8, 1975. The only errors urged by appellant relate to the refusal of the trial court to grant appellant's motion for continuance due to the absence of counsel. We affirm.

Petition for divorce was filed in district court by appellee, Elva Naomi Oates. Upon appellee's motion the cause was set for trial on the nonjury docket the 7th day of April, 1975, at 9:00 A.M. Notice of the setting was mailed by appellee to appellant on March 4, 1975. The transcript shows that appellant received notice of the setting on March 6, 1975.

On April 4, 1975, the following telegram was sent by appellant's attorney and received by the trial judge:

"RE: NO. 74 CI–8328, OATES V. OATES

PLEASE CONSIDER THIS AS RE-SPONDENT'S FIRST WRITTEN MO-TION FOR CONTINUANCE REASON: RECORD ATTORNEY FOR PAUL OATES HAS PREVIOUS COMMITT-MENT FOR TRIAL IN U S DISTRICT COURT SHERMAN TEXAS ON APRIL 7 1975 STYLED EARL WATSON VS MKT RAILROAD. THIS MOTION IS NOT MADE FOR PURPOSE OF DE-LAY BUT THAT JUSTICE MAY BE DONE. PLEASE WIRE ORDER CON-FIRMING THIS MOTION COLLECT THIS DAY ADVISING COUNSUL (sic) FOR PETITIONER OF THIS MOTION"

The telegram was signed by attorney for appellant but was not supported by affidavit. Moreover, appellant did not notify appellee of the motion for continuance.

Trial proceeded to the court without a jury on April 7, 1975, as previously scheduled. The decree of divorce was rendered April 8, 1975, and recites, "The Respondent, although duly cited by personal service and duly notified of the setting of this cause for trial on April 7, 1975, through his attorney, did not appear." In the decree appellant's motion for continuance was denied.

Appellant subsequently perfected his appeal to this court. It should be noted, however, that appellant failed to file a motion for new trial.

■ Appellant's first point asserts that the trial court abused its discretion in denying the motion for continuance. At the outset attention should be drawn to Rule 325, T.R.C.P., which provides, "In cases of motions for continuance . . . the rulings of the court thereon shall be considered as acquiesced in, unless complained of in the motion for new trial . . ." Since the appellant did not file a motion for new trial, any complaint concerning the denial of the motion for continuance has been waived.

■ Moreover, Rule 253, T.R.C.P., places the granting of a motion for continuance due to absence of counsel within the discretion of the court. Appellant's motion for continuance did not comply with the requirements of either Rule 247, T.R.C.P., requiring notice to the opposing party of the motion, or Rule 251, T.R.C.P., requiring that the motion be supported by affidavit. Where a motion for continuance does not conform to the provision of a rule regulating the same, the presumption is that the court did not abuse its discretion. *Watson v. Godwin,* 425 S.W.2d 424 (Tex.Civ.App.—Amarillo, 1968, writ ref'd n. r. e.); *Bray v. Miller,* 397 S.W.2d 103 (Tex.Civ.App.—Dallas, 1965, no writ); *Coleman v. Banks,* 349 S.W.2d 737 (Tex.Civ.App.—Dallas, 1961, writ ref'd, n. r. e.); *Jinks v. Jinks,* 205 S.W.2d 816 (Tex.Civ.App.—Texarkana, 1947, no writ). In our opinion, the trial court did not abuse its discretion. Appellant's first point is overruled.

■ Appellant's second point alleges a denial of due process under the 14th Amendment of the Constitution of the United States in that, after receipt of the telegram on April 4, 1975, the trial court failed to notify appellant that trial would proceed on April 7, 1975, as scheduled. This contention is without merit. Appellant had more than a month's notice of the date set for trial. Appellant's second point is overruled.

The judgment of the trial court is affirmed.