**Edgin Brent BROOKS, Appellant,**

v.

**Carol Ann BROOKS, Appellee.**

**No. 1078.**

Court of Civil Appeals of Texas, Tyler.

Feb. 2, 1978.

Rehearing Denied March 3, 1978.

Tom Wells, Wells, Wells & Bastian, Paris, for appellant.

Frank Supercinski, Longview, for appellee.

DUNAGAN, Chief Justice.

This is a divorce case. The appellant, Edgin Brent Brooks, originally brought suit for divorce in January 1975. In October 1976, the appellee, Carol Ann Brooks, filed a cross-petition for divorce against the appellant. The case was set for hearing on February 22, 1977. The divorce was granted on this date and the appellee, Carol Ann Brooks, was awarded a judgment against the appellant for FOURTEEN THOUSAND AND NO/100 ($14,000.00) DOLLARS and household goods as her part of the property. The total cash estate of the parties was TWENTY–FIVE THOUSAND AND NO/100 ($25,000.00) DOLLARS to THIRTY–FIVE THOUSAND AND NO/100 ($35,000.00) DOLLARS. The ap-

pellant timely perfected his appeal from the trial court's judgment upon four points of error, the first of which is the alleged error of the trial court in overruling his motion for continuance because of the absence of the appellant-plaintiff.

The appellant by and through his attorney of record, Tom Wells, on the 22nd day of February, 1977, filed a motion for continuance. The motion for continuance stated that counsel had only seen his client on two occasions and that he had been unable to notify him that the case was still going to trial on the 22nd day of February, 1977.

The petitioner was notified of the day of the setting of the case by registered mail. On the 11th day of February, 1977, the petitioner's attorney talked to him at which time the petitioner requested his attorney that the case be continued if possible and his attorney advised him that he had no control over the matter but would do what he could and that he would contact Mr. Supercinski, the attorney for Mrs. Brooks, and see if some compromise could be worked out as far as the setting of the date of trial was concerned. Petitioner's attorney told him that he would call him back at his home in Longview as soon as he had talked to Mr. Supercinski. He was never able to contact Mr. Brooks after that time. At the hearing on the motion for new trial it was developed that on the day this case was set for trial and heard, February 22nd, 1977, that due to a defect in appellant's telephone it would not ring. For that reason he could not receive incoming calls. He reported this defect to the telephone company on February 22nd, 1977. The phone was back in working order at 3:30 p. m. on the same day the defect was reported. However, this defect did not prevent outgoing calls from being made. On the day of the trial he saw his wife in front of the Longview Courthouse. Despite seeing her in town, in front of the Courthouse on the day of trial of the divorce action and knowing his wife had to come from Monahans, Texas, he decided to go to the barber shop instead of going to the Courtroom of the Domestic Relations Court where the case

was being heard. After getting his hair cut, he called his attorney's office in Paris, Texas, and was informed that his lawyer was in town. He returned to his mother's house and was unable to use the phone because it was out of order. He remained at his mother's house until the trial was over. There is no evidence in the record that the appellant ever made inquiry of his attorney as to whether or not he was successful in changing the date of the trial setting or that he contacted the trial court or the clerk's office or anyone else to attempt to ascertain if the case still remained set for February 22, 1977.

■ It was the legal duty of the appellant to keep himself posted as to the setting of the case for trial, and to be present to testify and aid his counsel. *Turnbow v. Southern Engine. & Pump Company,* 237 S.W. 321 (Tex.Civ.App.—Galveston 1922, n. w. h.) and *Adams v. Overland Automobile Company,* 202 S.W. 207 (Tex.Civ.App.—Dallas 1918, n. w. h.).

■ Moreover, appellant's motion for continuance did not set forth appellant's purported testimony or disclose in what manner his testimony would be material to the case. That ground alone is sufficient to support the court's action in overruling appellant's motion for continuance. *Berry v. Berry,* 257 S.W.2d 780 (Tex.Civ.App.—Eastland 1953, n. w. h.) and *Mitchell v. Mitchell,* 233 S.W.2d 187 (Tex.Civ.App.—Amarillo 1950, n. w. h.); 12 Tex.Jur.2d sec. 22, p. 570. Rule 252, Tex.R.Civ.P., clearly states the motion shall show the materiality of the wanted testimony. Where a motion for continuance does not conform to the provision of a rule regulating the same, the presumption is that the court did not abuse its discretion. *Oates v. Oates,* 533 S.W.2d 107, 108 (Tex.Civ.App.—Tyler 1976, n. w. h.).

■ The law is well established in this State that the action of the trial court in granting or denying an application for a continuance rests within the sound discretion of the trial judge and will not be disturbed on appeal unless the record dis-

closes a clear abuse of discretion. *Piano v. Gulf Coast Investment Corporation,* 429 S.W.2d 554 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ dism'd); *Hernandez v. Heldenfels,* 374 S.W.2d 196, 202 (Tex.1963); *Panhandle Broadcasting Co. v. Cercy,* 363 S.W.2d 792 (Tex.Civ.App.—Amarillo 1962, n. w. h.); *Sears Roebuck & Co. v. Jones,* 303 S.W.2d 432 (Tex.Civ.App.—Waco 1957, writ ref'd n. r. e.); *Mitchell v. Mitchell,* supra; and 12 Tex.Jur.2d p. 565, sec. 19.

■ The defendant-appellee, Carol Ann Brooks, appeared in person and by counsel. Appellant-plaintiff, Edgin Brent Brooks, did not appear in person, but was represented by counsel. Even though appellant did not appear and testify, the case was tried by using his deposition. See *Taylor v. Holland Electric Co.,* 386 S.W.2d 598, 601 (Tex. Civ.App.—Beaumont 1965, writ dism'd).

Viewing all the facts and circumstances as the record before us reflects, we are of the opinion that the trial court did not abuse its discretion. Appellant's point of error No. 1 is overruled.

Appellant's second point of error alleges that the trial court abused its discretion in dividing the property of the parties. The trial court stated in its conclusion of law No. 6 that the property division was an equitable one regardless of the community or separate property nature of the property involved. The appellant disputes this finding. Also, the appellant states that the evidence in the record is insufficient to base this property division upon, especially regarding the amount of his retirement benefits at Brown & Root, Inc.

■ The trial court is authorized to divide the property in a manner it deems just and right. Texas Family Code Ann., sec. 3.63; *Spiller v. Spiller,* 535 S.W.2d 683, 684 (Tex.Civ.App.—Tyler 1976, writ dism'd); *Cooper v. Cooper,* 513 S.W.2d 229, 233 (Tex.Civ.App.—Houston [1st Dist.] 1974, n. w. h.); *Roye v. Roye,* 404 S.W.2d 92 (Tex.Civ.App.—Tyler 1966, n. w. h.). The provisions of sec. 3.63 of the Texas Family Code do not require the property division to be equal. The trial court is given broad

**952**

discretion in a divorce case in making its division of the property of the parties and this discretion will not be disturbed on appeal unless the court has clearly abused this discretion. *Roye v. Roye,* supra; *Wetzel v. Wetzel,* 514 S.W.2d 283, 285 (Tex.Civ.App.— San Antonio 1974, n. w. h.); *Cooper v. Cooper,* supra.

■ Appellee's testimony about the estate of the parties and the supporting evidence of Roger Logan by deposition support the court's finding and judgment as to the property in question. Upon the trial of the case on its merits appellant's counsel objected that the deposition of Logan had not been on file more than one day and the court sustained this objection and excluded the deposition. Appellee perfected a bill of exception. At the hearing on the motion for new trial it was brought out that the Logan deposition had been timely filed. Therefore it was error for the deposition to have been excluded. We think the evidence supports the court's findings and judgment in respect to division of the property.

■ The fourth point of error complains of a finding of fact by the trial court that the appellant withheld all household goods of the parties and denied the appellee access to them. Appellant states that the record does not support such finding. Appellant has not shown nor made any attempt to show how this ruling of the court affected the judgment or the outcome of the trial. If such finding of the trial court was not supported by evidence of probative force, which we do not hold, such error does not amount to such a denial of the rights of the appellant as would reasonably calculate it to cause and probably did cause the rendition of an improper judgment in the case. Rule 434, T.R.C.P. Therefore, if it was error, it was harmless. Appellant's points of error Nos. 2 and 4 are overruled.

The appellant upon oral argument of this case informed the court that his point of error No. 3 was now moot and did not desire to further pursue it.

The judgment of the trial court is affirmed.