Everett Walter SOUTHARD,
Sr., Appellant,

v.

Ruth Evelyn SOUTHARD, Appellee.

No. 1139.

Court of Civil Appeals of Texas,
Tyler.

May 25, 1978.

Beatty Oldham, Oldham & Oldham, Houston, for appellant.

Benjamin Havard, Houston, for appellee.

McKAY, Justice.

This is an appeal from a property division resulting from a divorce between the parties. Appellee Ruth Evelyn Southard instituted proceedings against her husband, appellant Everett Walter Southard, Sr., seeking a divorce, custody of the minor child, child support and a division of the estate of the parties. Appellant answered and filed a cross-action for divorce. Trial was to the court, whereupon judgment was rendered granting the divorce, appointing appellee managing conservator of the child, and dividing the property. Appellant, Everett Walter Southard, perfected this appeal as to the property division.

We affirm the judgment of the trial court.

We have before us only the transcript in the proceedings below. There is no Statement of Facts on file in the cause. However, the trial court filed extensive findings of fact and conclusions of law. Those findings and conclusions pertinent to this appeal are as follows:

*Findings of Fact*

"2. That on March 12, 1960, Ruth Evelyn Southard was married to Everett Walter Southard, Sr. in Palestine, Texas, and that they continued to live together as man and wife until February 27, 1976, when they separated and ceased to live together as husband and wife because of discord or conflicts of personalities that destroyed the legitimate ends of the marriage relationship and prevented any reasonable expectation of reconciliation."

"4. On the 23rd day of October, 1958, prior to the marriage between Plaintiff and Defendant, but while the parties were engaged to be married and with pooled resources, Defendant purchased, in his own name, 14.75 acres in Anderson County, Texas. That after the marriage, continued payments on the mortgage were made out of community funds and substantial improvements were constructed, using community funds, and articles of household furnishings were accumulated, resulting in a substantial community equity in such property. That the property had a probable value of $25,000.00. That the Defendant had attempted to recognize the interest of Plaintiff and had tried to reflect such ownership by having the property assessed for taxes in the name of E. W. and Evelyn Southard.

"5. That on June 17, 1964, and after the marriage of the parties, they purchased as community property, Lot 3 in Block Four of Pine Terrace in Harris County, Texas, having an approximate value of $18,000.00, with an outstanding mortgage of approximately $7,000.00.

"6. That the household furnishings in the Harris County property were valued at approximately $2,000.00, and the value of the furnishings located on the 14.75 acres in Anderson County, Texas, were valued at approximately $2,000.00.

"7. That the parties owned a 1969 Chevrolet Pickup, driven by Defendant, and a 1973 Buick driven by Plaintiff.

"8. That the Plaintiff, except for a period of approximately nine (9) months, had worked all of the time she and the Defendant had been married and is presently employed by the City of Houston, and she had acquired an equity in a pension and retirement fund of the approximate value of $2,827.58. The Defendant is presently employed by the City of Houston and had likewise acquired an equity in a pension and retirement plan of the approximate same value as that of Plaintiff."

### Conclusions of Law

"5. That the property purchased on October 23, 1958, by the Defendant was by definition 'separate property', having been acquired before marriage. However, the Court having determined that there was a substantial community equity existing in the property by way of continued payments on purchase price out of community funds and the expenditure of community funds for improvements which materially and substantially increased the value thereof, and by the further attempted 'transfer' on the tax assessment records, which, although legally barred by the statute of frauds, was evidence of defendant's intentions to recognize the interest of Plaintiff and dispell any arguments of an intended gift by Plaintiff to Defendant's separate property, justified the use of such property in offsetting each party's claim against the other inequitable division of the property.

"6. That the Plaintiff's community interest in the 14.75 acres in Anderson County, Texas was offset by Defendant's community interest in the property located in Harris County, Texas. That an equitable division of the property be such that Plaintiff take the property in Harris County, Texas as her sole and separate property free and clear of any interest of Defendant; and that the Defendant take the property located in Anderson County free and clear of any community interest of Plaintiff. That the further equitable division of the property would be for the Plaintiff to take the 1973 Buick and the household furnishings in the house in Harris County, Texas, and that the Defendant take the 1969 Chevrolet Pickup and the household furnishings located in Anderson County, all such property being divided, being subject to any existing indebtedness.

"7. That the respective retirement funds, being approximately equal, should be granted to the owner, free and clear of any interest of the other party."

Based on these findings of fact and conclusions of law, the trial court divided the property as follows:

| Wife | | | Husband | | |
|---|---|---|---|---|---|
| 1. Home in Harris County | $18,000.00 | | 5. Anderson County property | $25,000.00 | |
| 2. 1973 Buick | | | 6. 1969 Pickup truck | | |
| 3. Furnishings | $ 2,000.00 | | 7. Furnishings | $ 2,000.00 | |
| 4. Retirement | $ 2,821.58 | | 8. Retirement | $ 2,821.58 | |

In the decree of divorce, the division of the property was preceded by the sentence: "IT IS THEREFORE ORDERED that the community property owned by the parties shall be divided as follows:" apparently including the Anderson County property as part of the community estate.

Appellant bases his appeal on five points of error. In substance, Points 1, 2, 3 and 5 complain of the trial court's division of the community estate.

In Point 1 appellant contends that the trial court erred in holding that the real property awarded to appellant was part of the community property of the parties since it was undisputed that said real property was purchased by appellant prior to the marriage. We disagree.

Although the judgment of the trial court included the Anderson County property as part of the community estate, the trial court filed findings of fact which provide

the basis for the judgment. It is well settled, however, that an appellate court will sustain the judgment if it is correct on any theory of the law applicable to the record, regardless of whether or not any reason at all is given. *Howle v. Howle,* 422 S.W.2d 252, 255 (Tex.Civ.App.—Tyler 1967, no writ). Recitations contained in the judgment cannot be substituted for separately filed findings of fact and conclusions of law. As such, they do not afford any basis upon which a losing party may attack the trial court's judgment. *Morin v. Morin,* 561 S.W.2d 263 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Fenlon v. Jaffee,* 553 S.W.2d 422 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.); *Roberson Farm Equipment Co. v. Hill,* 514 S.W.2d 796 (Tex.Civ.App.—Texarkana 1974, writ ref'd n.r.e.).

Because the trial court made separate findings of fact and conclusions of law, the recitation in the divorce decree that the Anderson County real property was community property does not supplant the trial court's finding that such property was appellant's separate property. Appellant's contention is without merit, and his Point 1 is overruled.

■ Appellant argues in Point 2 that the trial court erred in treating his separate property as community property. In Point 3 he contends that the trial court made a disproportionate division of the property, and in Point 5 he argues that awarding all furniture and other articles of personal nature to the person having possession of them deprived him of his interest in the property.

The trial court is authorized to divide the property in a manner it deems just and right. Tex.Family Code Ann. sec. 3.63; *Brooks v. Brooks,* 561 S.W.2d 949, 951 (Tex. Civ.App.—Tyler 1978, no writ); *Spiller v. Spiller,* 535 S.W.2d 683, 684 (Tex.Civ.App.— Tyler 1976, writ dism'd); *Cooper v. Cooper,* 513 S.W.2d 229, 233 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). The provisions of sec. 3.63 of the Texas Family Code do not require the property division to be equal. The trial court is given broad discretion in a divorce case in making its division

of the property of the parties and this discretion will not be disturbed on appeal unless the court has clearly abused this discretion. *Brooks v. Brooks, supra; Wetzel v. Wetzel,* 514 S.W.2d 283, 285 (Tex.Civ.App.— San Antonio 1974, no writ); *Cooper v. Cooper, supra.*

In the absence of a statement of facts, the findings of fact made by the trial court are conclusive on the appellate court, and it must be presumed that the evidence was sufficient and that every fact necessary to support the findings and judgment was proved at the trial. *Mosolowski v. Mosolowski,* 562 S.W.2d 24 (Tex.Civ.App.—Tyler 1978, no writ); *Vanity Fair Properties v. Billingsly,* 469 S.W.2d 453 (Tex.Civ.App.— San Antonio 1971, writ ref'd n.r.e.); · *Mulcahy v. Cohen,* 377 S.W.2d 100 (Tex.Civ. App.—Houston 1964, writ ref'd n.r.e.). Without the benefit of a statement of facts this court is in no position to pass on the question of whether the trial court abused its discretion in dividing the property. Accordingly, Points 2, 3 and 5 are overruled.

■ In Point 4 appellant contends that the trial court erred in dividing the property without relieving appellant of responsibility for indebtedness against properties awarded appellee and without providing appellant security that appellee would satisfy such indebtedness. We fail to see any merit in this contention. We have already discussed the consequences of appellant's failure to file a statement of facts. Additionally, we doubt that the trial court would have been authorized to alter any loan contract without the entity which made the loan having been made a party to the suit. Accordingly, Point 4 is overruled.

The judgment of the trial court is affirmed.