Jaime Lara VILLEGAS, Appellant,

v.

Wilmot R. CARTER, et al., Appellees.

No. 08–85–00034–CV.

Court of Appeals of Texas,
El Paso.

Sept. 18, 1985.

Rehearing Denied Oct. 16, 1985.

Jose Montes, Jr., El Paso, for appellant.

J. Crawford Kerr, Edwards, Belk, Hunter & Kerr, El Paso, for appellees.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

This case involves the foreclosure of a second lien note secured by a deed of trust. The judgment in the trial court denied Appellant all relief and awarded restitution of the property and a deficiency judgment to Appellees. We affirm.

Jaime Lara Villegas purchased a home in El Paso from Wilmot R. Carter and wife Alicia Carter in June, 1982, assumed a first lien note and executed a second lien note for $38,352.32 and a deed of trust to secure payment of the note. Following a default and acceleration of payments, Mr. Villegas executed a new note to include accrued interest and other expense charges for the sum of $47,000.00. Following a default on that note, the lien was foreclosed in a deed of trust sale. Appellant filed this suit seeking to set aside the trustee sale and Appellees filed a cross-action seeking restitution of the property and for a deficiency judgment of $19,782.24. Judgment was for the Appellees. Appellant contends in his first point of error that the trial court erred in overruling his motion for continuance

based on the absence of counsel. On October 5, 1984, counsel for the Appellant filed a motion to withdraw. The motion was heard and granted. When the case was called for trial on October 25, 1984, Appellant personally appeared and sought a delay in order to have time to hire a new attorney. The case had been set for trial since the end of September and the court had previously warned Mr. Villegas that he needed new counsel.

No motion for a continuance was filed. Rule 251, Tex.R.Civ.P., provides no application for a continuance shall be granted except for sufficient cause supported by affidavit, or by consent of the parties or by operation of law. Rule 253, Tex.R.Civ.P., provides that absence of counsel will not be good cause for a continuance, except it be allowed in the discretion of the court, upon good cause shown, or upon matters within the knowledge or information of the judge.

The determination to grant or deny a continuance rests within the sound discretion of the trial judge and his decision will not be disturbed on appeal unless there has been an abuse of discretion. *Hernandez v. Heldenfels*, 374 S.W.2d 196 (Tex. 1963); *Bond v. Bond*, 547 S.W.2d 43 (Tex. Civ.App.—Eastland 1976, writ ref'd n.r.e.). Where there is no motion which conforms to the rule, there is a presumption that the court did not abuse its discretion. *Zamora v. Romero*, 581 S.W.2d 742 (Tex.Civ.App.— Corpus Christi 1979, writ ref'd n.r.e.); *Oates v. Oates*, 533 S.W.2d 107 (Tex.Civ. App.—Tyler 1976, no writ). The Appellant has failed to rebut the presumption. The case had been set for trial for nearly a month. Mr. Villegas had previously been advised by the court to obtain counsel. He failed to do so. The court exercised its discretion to proceed to trial. We find no error. Point of Error No. One is overruled.

The Appellant asserts in his next point of error that the trial court erred in overruling his demand for a jury trial. There was no formal written demand for a jury and there was never any payment of a jury fee. Rule 216, Tex.R.Civ.P., requires that a jury fee be paid not less than ten days before the date the case is set for trial. Appellant did not comply with the rule. It was incumbent on the Appellant to show an abuse of discretion. *Childs v. Reunion Bank*, 587 S.W.2d 466 (Tex.Civ. App.—Dallas 1979, writ ref'd n.r.e.). Even if a jury panel was available, there is no showing that a jury trial would not cause an undue interference with the handling of other court business. Selecting a jury, preparing the charge, arguments of counsel and jury deliberations could all have delayed the process of hearing other cases regularly set for trial. This is particularly true where Appellant was representing himself and had appeared without counsel. We find no abuse of discretion. Point of Error No. Two is overruled.

The judgment of the trial court is affirmed.